GIBSON v. EVERETT.

1. ORDER FOR PUBLICATION.—Where the facts necessary to authorize the publication of a summons are made to appear by affidavit, to the satisfaction of the officer who grants the order for publication, such order, in the absence of fraud and collusion, will not be vacated.

2. ACTION BY NON-RESIDENT.—A non-resident may maintain action and procure warrant of attachment in the courts of this State without regard to where the cause of action arose.

3. IBID.—ATTACHMENT.—A non-resident plaintiff may institute action in the

courts of this State against another non-resident on a money demand, and legally serve him in another State, after order for publication, where plaintiff at the time procures a warrant of attachment and has it levied on property of the absent defendant within this State; and the court has jurisdiction of the action, and may enforce its judgment to the extent of the property attached. Tillinghast *v.* Boston &c. Company, 39 S. C., 484, followed.

Before HUDSON, J., Marlboro, June, 1893.

Action by Francis B. Gibson against Joseph C. Everett, W. L. Everett, and John F. Everett, commenced June 3, 1893. The order of the Circuit Judge was as follows:

The mercantile firm of Everett Bros., Gibson & Co., had its place of business in Norfolk, in the State of Virginia, and recently failed. J. C. Everett lives in Norfolk, F. B. Gibson and W. I. Everett in the County of Richmond, in the State of North Carolina, and J. F. Everett in the County of Marlboro, in the State of South Carolina. J. C. Everett in Norfolk and J. F. Everett in Marlboro, S. C., are said to.be insolvent. The burden of the failure of the partnership has fallen on W. I. Everett, who is said to have paid about twenty thousand of the debts of the insolvent firm, and upon F. B. Gibson, who is said to have paid nearly fifty thousand dollars of the said debts. These payments have been made from their respective private estates since the failure. No proceedings have been instituted in Virginia or in North Carolina to wind up the affairs of the partnership, so far as we are informed.

But recently the plaintiff, F. B. Gibson, filed his complaint in the Court of Common Pleas in and for the County of Marlboro, in the State of South Carolina, against the other members of the firm with this view: J. F. Everett, resident in this county, is insolvent, but W. I. Everett owns real and personal property here, or it is so alleged. The plaintiff, F. B. Gibson, seeks a general accounting of the affairs of the partnership, and asks judgment for the alleged large advance he has made in liquidating the indebtedness of the firm, and that the other members of the firm may contribute towards its payment. At the time of the commencing of the action he sued out a writ of attachment and had the same levied upon the separate property

of W. I. Everett, situate in this county.   The present motion is to dissolve this attachment upon various grounds.

The order for publication and the affidavit upon which this writ is based are assailed as insufficient, but these grounds are not well taken.   The fatal objection to the attachment is that in this proceeding, and under the facts and allegations of the complaint, the plaintiff is not entitled to this remedy.   It is manifest that the complaint asks for equitable relief, to wit: an accounting and winding up of the affairs of the partnership, and judgment of contribution against the other members for their portions of the indebtedness which may be found due to the plaintiff for the money he has paid, laid out, and expended from his private funds in liquidating the indebtedness of the partnership.   This is substantially the scope of the complaint.

Under such an action can the plaintff attach the individual property of a member of the firm?   Until an accounting is had, it cannot be ascertained how much the other members owe the plaintiff.   This action is equitable and not legal, and an attachment cannot issue and be levied by one partner against the property pending such an action.   At law, one partner cannot maintain a suit against his partners for moneys paid, advanced or contributed, or liabilities incurred on account of the partnership.   This doctrine is so clearly laid down in Story on Partnership, §§ 219–223, inclusive, that I need not refer to this authority in support thereof.   See, also, 2 Lindley on Partnership, 2d Am. Edit., 567, *et seq.*

It is, therefore, ordered and adjudged, that the motion be granted, the writ heretofore issued be vacated, and the levy released, with costs to defendant, W. I. Everett.

Both parties appealed.

*Messrs. Knox Livingston* and *Newton & Shipp,* for plaintiff.

*Messrs. Townsend & Hamer* and *J. D. Shaw,* for defendant.

March 12, 1894.   The opinion of the court was delivered by

MR. JUSTICE POPE.   This action was commenced by the lodgment of the summons on the 3d day of June, 1893.   The

complaint contains two distinct causes of action, one for the settlement of a partnership between plaintiff and defendants and for a dissolution of such partnership, and another for the recovery by the plaintiff from the defendants for over $48,000; which the plaintiff avers he laid out and expended at the request and for the benefit of defendants, and which sum they have neglected and refused to pay. On the day the action was commenced, the plaintiff applied to the resident judge of that Circuit, at that time Judge Hudson, for an order of publication of summons against absent defendants, and also for a writ of attachment against the property of the defendant, William I. Everett, which property, real and personal, was situated in the County of Marlboro, in this Sttae. Both orders were granted, and the summons was duly published and the warrant in attach- ment was executed so as to seize the property of such defendant, William I. Everett, within the said County of Marlboro.

After due notice, the defendant, William I. Everett, moved before Judge Hudson, on the 25th day of June, to set aside the service of the summons upon said William I. Everett on two grounds, and, also, to vacate the order of attachment upon six grounds. After such hearing, on the 29th day of June, 1893, Judge Hudson filed his decision, whereby he overruled the motion to set aside the service of the summons, but he sustained the objection to the order for the warrant of attachment, and, therefore, vacated the same. The defendant now appeals from the order wherein it sustains the service of the summons, and the plaintiff appeals from so much of such order as vacates the warrant of attachment.

Upon a proper analysis of the questions suggested by this appeal it will be found that practically they have all been passed upon in the previous decisions of this court. It is contended by the defendant that there was error in the decision of the Circuit Judge when he overruled the motion to set aside the order for publication of the summons on the ground that the affidavit did not show facts sufficient to authorize the said order. This court has held, in *Yates* v. *Gridley*, 16 S. C., 500, that section 158 of our Code, regulating the matter of service of summons by publication,

only requires that it be made to appear to the official who passes the order therefor: 1. That the defendant has property in the State. 2. That he cannot be found in the State after due diligence. 3. That a cause of action exists against him. 4. That if defendant's post office is known or can be reasonably ascertained, the order must direct that the party be served at his residence through the post office, and that these facts must appear to such official by affidavit to his satisfaction. This is within the discretion of the officer, and, when he is satisfied, in the absence of fraud and collusion, his decision is final. Also, see *Bank* v. *Stelling*, 31 S. C., 367. The high character of the Circuit Judge who passed the order forbade any such suggestion as fraud or collusion in this case. No such thing as .fraud and collusion is even hinted at. It follows, therefore, that the first exception of the defendant, appellant, must be overruled.

The next suggestion of error is, that by reason of the fact that the defendant was a non-resident of the State, that no jurisdiction of the subject-matter existed in the court, and that such action could not be maintained against the defendants in this State, or against this defendant, the judge was in error in refusing the motion to set aside the order for service. Preliminary to a discussion of the foregoing propositions, the defendant, appellant, seems to lay some stress upon the fact that the plaintiff is himself a non-resident of this State. This court has already decided that a non-resident has a *status* in our courts, both in an action which seeks a judgment *in personam* and also one *in rem. Ex parte Dickinson*, 29 S. C., 465, where it is said: "There can be no doubt that a non-resident may maintain an ordinary action upon a money demand in the courts of this State without regard to the place where the cause of action arose; and as an attachment is nothing more than a remedy in aid of an ordinary action, we see no reason why such non-resident may not invoke such a remedy just as well as a citizen of this State, unless there is something in the provisions of our attachment law which confines the benefits afforded by it to citizens or residents of this State. But we do not find any such limitation in our attachment act, and, on the contrary, its

provisions seem to be broad enough to cover any one who may be entitled to institute an action in the courts of this State."

Now we come to the vital question, that of jurisdiction in the Court of Common Pleas of Marlboro County, in this State, to hear and determine a controversy on a money demand between a plaintiff and a non-resident defendant, where a warrant of attachment has been issued at the date the summons was filed in such court, and where real and personal property has been seized under such attachment, such property of the non-resident defendant being situate in said Marlboro County, in this State. The recent cases of *Tillinghast* v. *Boston &c. Company* and of *Moore* v. *S. C. Forsaith Company*, 39 S. C., 484, received at the hands of this court an unusually careful and thorough consideration; and the opinion of Chief Justice McIver, covering, as it did, the construction of sections 155 and 156 of our Code, was exhaustive, so far as section 156 undertook to provide for service upon a corporation non-resident of this State in an action that sought a judgment *in personam* against such non-resident corporation. In that case, it will be recalled that the defendant corporation, non-resident within our State, owned no property, real or personal, here, and (following the decision of the United States Supreme Court in *Pennoyer* v. *Neff*, 95 U. S., 714,) this court, in the two cases last cited, held that no service could be had on such non-resident defendants.

Of course, the object of the summons is to put the person of the defendant, so far as the action is concerned, under the jurisdiction of the court where the action is pending. It is a principle of law universally accepted, that the courts of general jurisdiction within a State have jurisdiction of persons and property residing within the territorial limits of such State. And it is, also, almost as generally admitted, that outside such territorial limits, both as to persons and property beyond the State's territorial limits, such courts have no jurisdiction, and the judgments of such courts, beyond the State limits, have only such effect as comity may impose; but comity does not preclude the courts of States other than that in which the judgment was primarily rendered from inquiring into the

*jurisdiction* of such court, and if upon inquiry it was judicially ascertained that such court was without jurisdiction, its judgment would be declared a nullity. Hence the importance of a correct solution of the question of jurisdiction when properly presented. In the leading case on this subject in this country, *Pennoyer* v. *Neff, supra,* and in our two later cases, *Tillinghast* v. *Boston &c. Company* and *Moore* v. *S. C. Forsaith Company, supra,* it is distinctly held, that if at the time the order for publication is made, the property of such non-resident defendant within the territorial limits of the State where the action is brought, has been attached therein, then such court has acquired jurisdiction whereby its judgment as to the *rem* may be exercised. "In other words, such service may answer in all actions which are substantially proceedings *in rem.*"

Now, in the case at bar, Gibson, the plaintiff, as we have seen, although a non-resident, was entitled to institute this action in the Court of Common Pleas for Marlboro County, such court possessing a general jurisdiction; and when he filed his summons in such court, on the 3d day of June, 1893, and on the same day, after a careful compliance with all our laws respecting attachments, procured a warrant of attachment to issue, in the action by him instituted, whereby the real and personal property of William I. Everett, the absent non-resident defendant, situated in Marlboro County, in our State, was seized by such Court of Common Pleas, and thereafter procured an order, in compliance with law, for the publication of the summons against such absent non-resident, which publication was not only had, but actual service was made, upon such non-resident within the borders of the State of North Carolina—by all these acts the Court of Common Pleas for Marlboro County acquired jurisdiction of the non-resident defendant to this extent, namely, that the attached property could be made subservient to any judgment that might be rendered against the said non-resident defendant, William I. Everett. As to whether any ampler jurisdiction can be acquired by said court will, and must, depend upon the volition of such non-resident defendant. And, inasmuch as the Circuit Judge based his order on the first cause of action, which related to the partnership

settlement and the dissolution thereof, and ignored the second cause of action, which was purely a money demand held by plaintiff against all the defendants, we think he was in error in vacating such attachment, so far as the second cause of action is concerned. It follows, therefore, that the orders appealed from must be reversed wherein the attachment was vacated, so far as the attachment was vacated.

It is the judgment of this court, that the order appealed from, in so far as the motion to set aside the service of the summons was refused, be affirmed, but, in so far as it granted the motion to vacate the attachment, it be reversed, and the action is remanded to the Circuit Court for such proceedings therein as may be necessary.