GREENWOOD LOAN & GUARANTEE ASS'N. v. WILLIAMS.

1. PRACTICE—RULE—PARTIES.—Where the Court has determined that one is a necessary party to an action of foreclosure, there is no occasion to issue a rule to show cause with supporting affidavit to bring him in, but the service of the amended summons and complaint is sufficient.

2. JURISDICTION—MORTGAGES—NON-RESIDENT—ATTACHMENT—LIS PENDENS.—The Court acquires jurisdiction of the subject matter in foreclosure of mortgage on land within its jurisdiction by filing of *lis pendens* and service of non-resident mortgagor by publication of summons without attachment of the land, judgment in such

action may be vacated on *ex parte* motion, summons and complaint may be amended by adding a new party in possession of the land, and action continued against such party alone, provided no personal judgment is sought against mortgagor.

3. SUPPLEMENTAL PLEADINGS — WAIVER — JURISDICTION. — If supplemental complaint be necessary in foreclosure where mortgagor conveyed premises before suit, mortgagee having no notice of conveyance until suit commenced, service of amended summons and complaint by leave of the Court making purchaser a party may be treated as a supplemental complaint by leave of the Court. And where defendant so served makes a general appearance, he waives the right to insist that Court has no jurisdiction of his person.

4. ATTORNEY'S FEE. — The Court may decide the amount of fee for an attorney foreclosing a mortgage from the record in the case.

5. MORTGAGES. — THE RULE OF CAVEAT EMPTOR does not apply to foreclosure sales, and the bid of a purchaser at a foreclosure sale, afterward vacated, should not be credited on the mortgage debt.

Before LEROY F. YOUMANS, special Judge, Greenwood, June, 1904. Affirmed.

Action by Greenwood Loan and Guarantee Association against Hattie Williams and Rhoda Chiles. From judgment for plaintiff, defendant, Chiles, appeals.

*Mr. Ellis G. Graydon,* for appellant, cites: *Plaintiff cannot substitute a different cause of action:* 24 S. C., 474. *Facts occurring since commencement of action should be alleged by supplemental complaint:* 17 S. C., 123. *As to usury:* 45 S. C., 381; 12 Rich. Eq., 124; 15 S. C., 467; Bail. Eq., 505.

*Messrs. Caldwell & Park,* contra. *Mr. Park* cites: *Party waives right to object to jurisdiction of person by appearance:* 51 S. C., 171; 53 S. C., 441; 52 S. C., 363; 37 S. C., 236; 14 Rich., 29; 22 S. C., 540; 35 S. C., 379; 20 S. C., 104; 67 S. C., 231, 278. *Counsel fee may be fixed by the Court:* Brooks v. Brooks, 16 S. C., 6 L. R. A., 533; 74 Ia., 708; 144 U. S., 458.

April 18, 1905.   The opinion of the Court was delivered by

MR. JUSTICE JONES.   On May 3d, 1900, the defendant, Hattie Williams, executed bond to plaintiff, and mortgage to secure same, on a lot in Greenwood, S. C.   On March 4th, 1901, Hattie Williams conveyed the mortgaged lot to defendant, Rhoda Chiles, which deed was recorded May 28th, 1901.   Several days previous to the recording of said deed, *i. e.,* May 22d, 1901, plaintiff brought action against Hattie Williams to foreclose said mortgage, without making Rhoda Chiles a party thereto.   *Lis pendens* was not filed until July 8th, 1901.   Hattie Williams, being a non-resident, was served with summons by publication, but she made no answer or appearance, and judgment of foreclosure was rendered at August term, 1901, the land sold thereunder for $250 to plaintiff and deed was executed by the master.

The plaintiff thereafter brought action against Rhoda Chiles to recover the possession of the lot, and procured an order appointing a receiver of rents and profits *pendente lite,* from which an appeal was taken.   Upon the facts stated, this Court reversed said order, holding that Rhoda Chiles, having the legal title, was a necessary party in an action to foreclose said mortgage.   *Association* v. *Chiles,* 67 S. C., 251.   The action by plaintiff to recover the land of Rhoda Chiles was discontinued, and plaintiff, upon application to the Court, without notice to Hattie Williams or Rhoda Chiles, obtained an order vacating said judgment of foreclosure and giving plaintiff leave to amend by making Rhoda Chiles a party defendant.   The summons and complaint were amended in conformity with the order of Judge Dantzler, on August 26th, 1903; the amended summons and complaint were served upon Rhoda Chiles and she appeared and made answer to the merits.   The Circuit Court, Hon Leroy F. Youmans, special Judge, presiding, overruled all defenses and gave judgment of foreclosure for $306.93, which included $50, as a reasonable attorney fee.

The first three exceptions in behalf of appellant, Rhoda

Chiles, question the jurisdiction of the Circuit Court: (1) in making her a party to this action without notice and supporting affidavit; (2) because the Court had never acquired jurisdiction of Hattie Williams, and, therefore, there was no action pending and no authority to add another defendant; (3) the plaintiff should have proceeded by supplemental complaint. These objections to the jurisdiction cannot avail.

(1) The decision of the Court in *Association* v. *Chiles, supra,* had determined that Rhoda Chiles was a necessary party to the foreclosure proceedings. As the Circuit Court needed no further information on that subject, there was no occasion to issue a rule to show cause or notice with supporting affidavit as is ordinarily the practice. All the ends of notice were fully subserved in this case by the service of the summons and complaint, pursuant to the order of the Court.

(2) With reference to Hattie Williams, the service by publication was properly made, under section 156 of the Code of Procedure, as she was a non-resident and the subject of the action was real property in this State, and the relief consisted in barring her interest in the premises, whatever it might be. No personal judgment was demanded against her, and no attachment of the property was necessary to give the Court jurisdiction in so far as she had interest in the property to be affected by a foreclosure, since the mortgage itself constituted a lien, and the court of equity, by the proceedings to foreclose and the filing of *lis pendens,* put its hands upon the property for the purpose of the suit *in rem.* Hattie Williams was not a necessary party to the foreclosure proceedings, as sec. 188 of the Code of Procedure provides that it shall not be necessary to make the mortgagor who may have conveyed the mortgaged premises a party to any action for foreclosure where no judgment for any deficiency is demanded, but she was a proper party. Therefore, when the Court vacated the judgment of foreclosure in the original proceedings against Hattie Wil-

liams, the action was still pending and it was competent to allow an amendment to the summons and complaint, so as to make appellant, claiming the legal title to the premises, a party defendant. It was within the discretion of the Court even to strike out the name of a sole defendant and substitute another as real party in interest, if due notice is allowed for answer, as was done in this case. *Coleman* v. *Heller*, 13 S. C., 495. It is not only competent, but necessary, for the Court to bring in other parties when a complete determination of the controversy cannot be had without the presence of such other parties. Sec. 143, Code of Procedure.

(3) If proceedings by supplemental complaint were necessary in this case because of the transfer of interest in the mortgaged premises by Hattie Williams to Rhoda Chiles, previous to the commencement of the action, but discovered by plaintiff after its commencement, the complaint, as amended by order of the Court and served upon the appellant, with the summons, may well be treated as a supplemental summons and complaint by leave of the Court.

Furthermore, the Court having undoubted jurisdiction of the subject of the action, even if appellant had not been served with summons and complaint in this case, her general appearance and answer to the merits would be a waiver of all objections to jurisdiction over her person. *Sentell* v. *So. Ry. Co.*, 67 S. C., 231, 45 S. E., 155.

The fourth, fifth and sixth exceptions seek to raise the question of usury. The Circuit Court has found, as a matter of fact, that there was no usury, and we see no ground for disturbing that conclusion.

The seventh exception complains that there was no evidence to support the allowance by the Circuit Court of a fee of $50 to plaintiff's attorney for foreclosing the mortgage. The mortgage provided for the payment of a reasonable attorney's fee in the event of a foreclosure. The conclusion of the Circuit Court cannot be said to be unsupported by any evidence, as the Court had before it the record in the case, showing the character of the litigation

and what service the attorneys for the plaintiff had rendered in the case, and it was quite competent for the Court to form therefrom an opinion on the subject. This Court should not reverse his conclusions on this subject, unless satisfied that the preponderance of the evidence is against such conclusion, and we do not find such to be the case, even if the exception could be construed as calling upon this Court to review and weigh the evidence.

The eighth and last exception alleges error in not holding that the mortgage debt should be credited with the net proceeds of the sale made in October, 1901. This exception was not argued, and perhaps should be considered as abandoned. It cannot be sustained, however, because the original judgment of foreclosure was vacated by order of the Court, and it would be manifestly unjust to credit the mortgage debt with plaintiff's bid at the sale under such annulled judgment. This is not a case for the application of the rule of *caveat emptor*.

The judgment of the Circuit Court is affirmed.