20168

John W. BRADLEY et al., Respondents, v. Paul W. HULLANDER et al., Appellants.

(222 S. E. (2d) 283)

*Messrs. William R. Hare, of Hemphill & Hemphill* and *John C. Hayes, Brunson and Gatlin,* Rock Hill, *for Appellants,*

*David A. White, Esq., of Roddey, Sumwalt and Carpenter,* Rock Hill, *for Respondents,*

February 11, 1976.

LITTLEJOHN, Justice:

This litigation grows out of a written stock purchase agreement, dated August 18, 1974, whereby the plaintiffs (Buyers) contracted to purchase from the defendants, Paul W. Hullander and Vivian Hullander (Sellers), all of the stock of "Paul's Pontiac-Buick Co., Inc.," which corporation owns and operates the Pontiac-Buick dealership in the town of Chester.

By an amended complaint, dated January 2, 1975, the Buyers bring this action against the Sellers and against

Glen Covey Associates, Inc., brokers for the Sellers. Three causes of action are set forth.

The Buyers' first cause of action, against Sellers only, is founded upon the Uniform Securities Act, Section 62-1 et seq., Code of Laws of South Carolina (1962). It alleges misrepresentations as to the worth of the corporation by the Sellers. Section 62-309 provides that "(a)ny person who: . . . (2) offers or sells a security by means of any untrue statement of a material fact . . . is liable to the person buying the security from him, who may sue either at law or in equity to recover the consideration paid . . . ."

The second cause of action is directed toward the broker, Glen Covey Associates, Inc., only. It seeks relief against the broker if the brokerage fee alleged to have been received is not collectible from the Sellers.

The third cause of action is directed against the Sellers, only, and alleges that they made false and fraudulent misrepresentations and that the Buyers are entitled to full rescission of the agreement, plus actual and punitive damages. It is a common law action based on fraud and deceit.

To this complaint, the Sellers have interposed a demurrer as follows:

"1. That there is a defect of parties; as appears upon the face of the Complaint in that the causes of action so united do not affect all of the parties to the action in that the Defendant, Glen Covey Associates, Inc., is not affected by the first and third causes of action.

2. That the causes of action stated in the Complaint have been improperly united in the fact that the first and third causes of action are inconsistent with each other and occupy inconsistent positions in relation to the facts which form the basis of their respective remedies in that one cause excludes the other as alleged in the Complaint."

The demurrer came to be heard before the Honorable Robert W. Hayes, presiding judge. He overruled the de-

murrer by his order dated February 8, 1975. That order did not find that "the ends of justice will be subserved by proceeding with the trial," nor direct that the trial proceed to judgment notwithstanding an appeal, as it might under the provisions of Section 7-422 of the Code.

On February 17, 1975, the Sellers gave notice of intention to appeal to the Supreme Court from the order.

Thereafter, on February 26, counsel for the Buyers served notice of a motion before Judge Hayes to require that the action proceed to trial pursuant to Section 7-422 of our Code, notwithstanding the appeal to the Supreme Court.

Thereafter, on March 8, 1975, counsel for the Buyers served notice of a second motion to vacate the order of the court dated February 8, 1975, then on appeal, and to substitute an attached proposed order allowing a second amended complaint, which was also attached to the notice of motion.

After a hearing, the judge granted both the motion of February 26 and the motion of March 8, in an order dated March 27, 1975. This order allowed the Buyers to proceed on the second amended complaint and directed that the case proceed to trial on the first cause of action as contemplated by Section 7-422, notwithstanding the pending appeal.

On April 4, 1975, counsel for the Sellers gave notice of intention to appeal the order of March 27, 1975. The order of March 27, 1975, was superseded by a justice of this court on April 9, 1975.

The Sellers' appeal from both the order of February 8, 1975, and the order of March 27, 1975, is now before this Court for a determination. Glen Covey Associates, Inc. has not appealed.

The appellants allege error and submit three questions for our determination, as follows:

1. "Did the Trial Judge err in overruling Appellants' Demurrer as there is a defect of parties appearing upon the

face of the Complaint and all Defendants are not affected by the several causes of action?"

2. "Did the Trial Judge err in overruling Appellants' Demurrer as the causes of action stated in the Complaint are improperly united, inconsistent in the relief requested and mutually exclusive?"

3. "Were proceedings in the Circuit Court stayed upon Appellants' giving notice of intention to appeal from Judge Hayes' February 8, 1975, Order, and does such stay preclude further motions being heard and Orders issued by the Trial Judge?"

A ruling upon the third question will simplify the treatment of the first two. The appeal from the ruling of the order of February 8, 1975, stayed all further proceedings in the circuit court pertaining to this ruling. After the notice of intention to appeal from the order of February 8 was served, the circuit court lost jurisdiction as to this order and the motions, which the Buyers attempted to pursue, should not have been heard without the permission of the Supreme Court.

Section 7-422 gives to the judge the authority to the judge the authority to find that the ends of justice will be subserved by proceeding with the trial of a case notwithstanding an appeal from an order overruling a demurrer, but in the absence of such a finding, the circuit court loses jurisdiction. If the Buyers desired to have the trial judge determine whether or not the case should proceed to trial, notwithstanding the appeal from the order overruling the demurrer, the procedure set forth in *McDonald v. Palmetto Theaters*, 196 S. C. 38, 11 S. E. (2d) 444 (1940), should have been followed. Therein, this Court ruled as follows:

"But of course if after the jurisdiction of this court attaches, a question arises which ought first to be submitted to the Circuit Judge, leave to do so may be granted by this

Court upon motion or petition, by way of analogy to the prescribed practice in the matter of motions for new trials upon after-discovered evidence."

This Court held in the case of *Epps v. Bryant,* 219 S. C. 307, 65 S. E. (2d) 112 (1951), that an order issued by the circuit court, after an appeal had been taken from a previous order, was void. By a like token, we hold that any proceedings, relative to the order of February 8, 1975, after the notice of intention to appeal dated February 17, 1975, were void. *Costas v. Florence Printing Co.,* 237 S. C. 655, 118 S. E. (2d) 696 (1961); *Rylee v. Marett,* 121 S. C. 366, 113 S. E. 483 (1922).

We proceed to rule upon the first two questions set forth above, growing out of the judge's order of February 8, 1975. That order overruled both grounds of the demurrer and directed that the first cause of action be severed and tried first. He agreed to consider later the question of whether the first and second causes of action could be consolidated for trial, after responsive pleadings had been filed by Glen Covey Associates, Inc. No appeal was taken from the ruling of the judge that the causes of action be severed for trial. It is inferable that the judge was of the opinion that he could more intelligently determine how the other causes of action should be handled after the first trial. We are in accord.

The first and third causes of action may, at first blush, seem inconsistent. It is conceded that a double recovery may not be had for the same loss. Section 62-316, as amended, of the Uniform Securities Act, reads in part as follows:

"The rights and remedies provided by this chapter are in addition to any other rights or remedies that may exist at law or in equity, but this chapter does not create any cause of action not specified in this section or Sec. 62-111, . . ."

We think that this provision indicates a clear intent on the part of the Legislature to provide that the civil remedies set forth in the Act are in addition to all other causes of action or remedies at law or in equity. Elements of damages are alleged in the third cause of action which may not be recovered under Sec. 62-309. Accordingly, we find no error in the refusal to sustain the contentions of the Sellers that there has been an improper joining of causes of action.

We are also of the opinion that there was no defect of parties, or improper joinder. The causes of action involving different defendants may not be joined unless all of the defendants are affected, but it is not necessary that they should all be affected in the same manner. The nature of the relief demanded and the relationship of the broker and the Sellers on the one hand, to the Buyers on the other hand, is such that it is highly appropriate that the causes of action be pursued in the same complaint.

Pleadings as required to place all issues before the court should, if needed, be allowed by the judge.

The appeal, insofar as it contests the validity of the orders issued after February 17, 1975, is concerned, is sustained. The appeal, insofar as it relates to the demurrer, is overruled.

Affirmed in part; reversed in part; and remanded.

LEWIS, C. J., and NESS and RHODES, JJ., concur.

GREGORY, J., not participating.