22108

Marvin H. THOMPSON, Appellant, v. Bonnie N. WATTS, Respondent.

(316 S. E. (2d) 393)

Supreme Court

See also, 278 S. C. 229, 294 S. E. (2d) 245.

*Nolen L. Brunson,* of *Hayes, Brunson & Gatlin,* Rock Hill, *for appellant.*

*David A. White* and *Benjamin A. Johnson,* Rock Hill, *for respondent.*

May 17, 1984.

GREGORY, Associate Justice:

Appellant Marvin H. Thompson appeals from an order granting respondent Bonnie N. Watts' Demurrer and an order granting respondent's motion for Summary Judgment. We consolidate the two appeals and affirm.

In 1979, Thompson and Watts entered into an agreement for the sale of all outstanding shares of a South Carolina corporation. Thompson paid $12,000.00 down and gave a promissory note for the balance of $33,000.00, the note being secured by a pledge of shares.

Thompson took possession and operated the business for a short time. When the note became due he could not pay. He then instituted this action, alleging three causes of action: (1) a violation of the Uniform Securities Act, S. C. Code Ann.

§§ 35-1-10 through 35-1-1590; (2) a tort action for fraud and deceit; and (3) wrongful ouster (this cause of action is not relevant to this appeal). Watts demurred on the ground the causes of action were improperly joined. The parties agreed to proceed with the fraud and deceit action, with Watts' right under the demurrer preserved. Watts counterclaimed, seeking judgment on the note. The jury found for Watts at the trial of the fraud and deceit action.

After hearing, Judge Morris sustained the demurrer, finding the causes of action were improperly joined. Thompson appealed. Watts filed a petition for remand so he could file a motion for summary judgment to be heard by Judge Morris. The petition was granted. The motion was presented to Judge Morris by correspondence since he was no longer in the parties' circuit. Judge Morris granted Watts' motion. Thompson appeals the orders sustaining Watts' demurrer and granting Watts' motion for summary judgment.

Thompson contends § 35-1-1560 of the Code allows ██ joinder of his two causes of action. That section states that the rights and remedies provided by the Uniform Securities Act are additional to any of the rights or remedies that may exist at law or in equity. However, causes of action which seek inconsistent remedies, such as where one is based on the continued existence of a sale and the other in its abrogation, and the purchaser cannot in one cause of action secure the relief appropriate to the other, cannot be joined. *Turner v. Carey*, 227 S. C. 298, 87 S. E. (2d) 871 (1955); *Walker v. McDonald*, 136 S. C. 231, 134 S. E. 222 (1926). We conclude § 35-1-1560 provides rights or remedies additional to others that may exist at law or in equity, but those rights or remedies must be consistent with each other.

*Bradley v. Hullander*, 266 S. C. 188, 222 S. E. (2d) 283 ██ (1976), involved two causes of action similar to those alleged in this case, one alleging a securities violation and seeking rescission and recovery of his consideration, the other alleging common law fraud and deceit and seeking rescission and actual and punitive damages. This Court held the causes of action were properly joined since both repudiated the contract. Here, however, Thompson repudiates the contract of sale in his cause of action alleging the securities violation, seeking rescission and recovery of his consider-

ation, but affirms the contract of sale in the cause of action alleging common law fraud and deceit, seeking actual and punitive damages while retaining the shares.

We hold the demurrer was properly sustained.

Thompson next contends the circuit judge erred in granting Watts' motion for summary judgment on the ground of election of remedies. He asserts the theory of election of remedies is not applicable here because "Election of remedies involves a choice between different means of redress afforded by law for the same injury, or different forms of proceeding on the same cause of action. Election of remedies is the act of choosing between different remedies allowed by law on the same state of facts." (Citation omitted.) *Tzouvelekas v. Tzouvelekas,* 206 S. C. 90, 33 S. E. (2d) 73, 74 (1945). He asserts this case involves two separate and distinct causes of action, not two remedies under the same cause of action and only one recovery is sought; thus, the election of remedies theory does not apply.

We agree with Thompson's assertion that he is seeking only one recovery. As previously stated, Thompson is seeking in one cause of action, rescission of the contract of sale and return of his consideration, and in the other, affirmance of the sale and actual and punitive damages, two inconsistent remedies. While we agree Thompson may properly bring suit alleging both a securities violation and common fraud and deceit, he must seek consistent remedies as in *Bradley, supra.* Thus, once Thompson pursued his fraud and deceit action, he elected to affirm the contract and is barred now from seeking to repudiate the contract and recover his consideration.

Thus, we conclude the motion for summary judgment was properly granted because Thompson is barred from disaffirming the contract following his pursuit, albeit unsuccessful, of the fraud and deceit cause of action where he affirmed the contract.

Affirmed.

LITTLEJOHN, C. J., NESS and HARWELL, JJ., and J. WOODROW LEWIS, Acting Associate Justice, concur.