478 S.E.2d 839

**Phyllis C. HUDSON, Respondent,**

v.

**SOUTH CAROLINA DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION, Appellant.**

**No. 24524.**

Supreme Court of South Carolina.

Heard June 5, 1996.
Decided Nov. 12, 1996.

William U. Gunn, Perry D. Boulier, and S. Sterling Laney, III, Holcombe, Bomar, Cothran and Gunn, P.A., Spartanburg, for appellant.

Paul R. Hibbard and William Douglas Smith, of Johnson, Smith, Hibbard & Wildman Law Firm, L.L.P., of Spartanburg, for respondent.

PER CURIAM:

While an appeal was pending from the original jury trial, respondent's motion for relief from judgment pursuant to Rule 60(b)(1), SCRCP, was granted. Appellant now appeals the order granting that motion. Since respondent did not obtain leave from the appellate court to make the Rule 60(b)(1) motion, the trial court lacked subject matter jurisdiction. Accordingly, we vacate the appealed order, which is void. *See* Rule 204, SCACR; *cf., Bradley v. Hullander*, 266 S.C. 188, 222 S.E.2d 283 (1976); *Pinckney v. Winn–Dixie Stores, Inc.*, 311 S.C. 1, 426 S.E.2d 327 (Ct.App.1993) (trial court orders issued after appeal taken are void under prior version of Rule 204).

At the time this motion was made, Rule 60(b) provided, "Leave to make the motion need not be obtained from any appellate court except during the time an appeal from the order or judgment is actually pending before the appellate court."[1] The reason for such a requirement is clear: An appellate court should not needlessly expend its limited time and resources processing and deciding an appeal from an order or judgment which has been set aside. This policy is also expressed in our appellate court rule which vests the appellate court with exclusive jurisdiction over any matter affected by a pending appeal. Rule 204, SCACR. It is undisputed that an appeal was "actually pending", and that no leave was obtained. The trial court lacked jurisdiction to entertain respondent's motion. *Cf., Goethe v. Cleland*, 323 S.C. 50, 448 S.E.2d 574 (Ct.App.1994) (Cureton, A.J., concurring) (order entered under Rule 60(a), SCRCP, without leave of appellate court while appeal is pending is void). The order under appeal is, therefore,

**VACATED.**

---

1. Before respondent's motion was filed, this Court had submitted an amendment to the rule to the General Assembly deleting this sentence and substituting for it the current language, "During the pendency of an appeal, leave to make the motion must be obtained from the appellate court." We stated the purpose of this 1994 amendment was to clarify the need for appellate leave from the time the notice of appeal is served until the remittitur has been issued. *Note to 1994 Amendments,* Rule 60, SCRCP. The amendment does not affect the resolution of this appeal.