535 S.E.2d 128

**WACHOVIA BANK OF SOUTH CAROLINA, N.A., successor by merger of South Carolina National Bank, Respondent,**

v.

**Jay H. PLAYER and Institution Food House, Inc., of whom Jay H. Player is Petitioner.**

No. 25168.

Supreme Court of South Carolina.

Heard June 7, 2000.

Decided July 7, 2000.

Rehearing Denied Aug. 7, 2000.

Gilbert Scott Bagnell, of Columbia, for petitioner.

Warren R. Herndon, of Woodward, Cothran & Herndon, of Columbia, for respondent.

PLEICONES, Justice:

We granted certiorari to review a decision of the Court of Appeals holding that the master-in-equity lacked subject matter jurisdiction to consider petitioner's Rule 60(b)(4), SCRCP, motion. *Wachovia Bank of South Carolina, N.A. v. Player,* 334 S.C. 200, 512 S.E.2d 129 (Ct.App.1999). We reverse this holding, address the appeal on the merits, and affirm the master's order.

Respondent (Bank) brought this foreclosure action against petitioner, who defaulted. The case was referred to the master with finality, and with authority to directly appeal to this Court.[1] On June 9, 1997, the master issued the foreclosure order and on June 20, 1997, petitioner moved to set it aside under Rule 60(b)(4) on the ground that the court lacked personal jurisdiction over him because service had been improper. The motion was denied following a hearing and petitioner appealed.

The Court of Appeals *sua sponte* ordered petitioner to address the master's jurisdiction to entertain the Rule 60(b)(4) motion, and ultimately dismissed the appeal, finding the master lacked subject matter jurisdiction. *Wachovia Bank, supra.* We granted certiorari, and now reverse.

The order of reference specifically stated that the master was "to take the testimony arising under the pleadings and to make his findings of fact and conclusions of law with authority to enter a final judgment in the case .... provided further that pursuant to S.C.Code [sic] Section 15–39–680 (1986), that

---

1. This reference occurred prior to the 1999 amendment of Rule 53, SCRCP, and the 1999 amendment of S.C.Code Ann. § 14–11–85 which altered the practice of referring matters. Therefore, this order included the "finality" and "direct appeal" provisions.

the Master–in–Equity is hereby authorized to conduct the public sale at any specified time . . ." The "Master's Report and Judgment of Foreclosure and Sale" which was filed June 9, set the sale for a future date and retained jurisdiction to do all necessary acts incident to the foreclosure.

The Court of Appeals cited from the order of reference, and held that once the master ordered foreclosure, "he had exercised the full extent of the power he possessed, *i.e.*, he had entered a final judgment." *Wachovia Bank of South Carolina v. Player, supra.* The Court of Appeals concluded the master's powers after entry of the foreclosure judgment were limited to: (1) matters pertaining to the sale, see Rule 71, SCRCP; (2) to post-trial motions under Rules 52, 59, or 60(a), SCRCP; and (3) if an appeal were taken, to setting an appeal bond or entertaining a supersedeas motion. *Id.* We disagree.

■ The proper construction of the order of reference is that it gives the master jurisdiction over the case and all matters arising from it until the master has performed all the duties assigned to him. In this case, those duties included conducting the sale and disposing of the surplus fund. *See* Rule 71(c), SCRCP. Once the master has concluded his duties and entered all necessary orders, his jurisdiction ends and any post-trial motions, other than those covered by this Court's May 22, 1986, order,[2] are to be heard by the circuit court. The language in the order of reference authorizing the master to enter a final judgment is not a limitation on his jurisdiction, but rather is descriptive of the nature of his order. Under the rules in effect at the time of the reference, had the order not authorized a final judgment, the master would have issued a report to the circuit court, which in turn would have entered the final order. See pre–1999 versions of Rule 53, SCRCP and § 14–11–85.[3]

Moreover, it makes common sense to permit the judge in whose court the matter is pending to decide the merits of any Rule 60 motion. Otherwise, if the circuit court were to hear

---

2. Pursuant to this order, a post-trial motion filed under Rules 50, 52, 59 or 60(a), SCRCP, is to be delivered to the trial judge, who is then to dispose of it promptly.

3. Under the 1999 changes, all matters will be referred with finality. S.C.Code Ann. § 14–11–85 (Supp.1999); Rule 53, SCRCP.

this 60(b)(4) motion, it is conceivable that it would set aside service while at the same time the master was proceeding with the sale. *Compare Hudson v. South Carolina Dep't of Highways and Public Transp.,* 324 S.C. 245, 478 S.E.2d 839 (1996) (leave of appellate court is required when Rule 60(b) motion is sought to be filed during the pendency of an appeal because the "appellate court should not needlessly expend its limited time and resources processing and deciding an appeal from an order of judgment which has been set aside").

Here, the master had not concluded his duties under the order of reference when this Rule 60(b)(4) motion was filed, and therefore he had jurisdiction to decide the motion.[4] We reverse the decision of the Court of Appeals holding the master lacked jurisdiction. Further, in the interest of judicial economy, we address the merits of petitioner's appeal now.

█ Petitioner's 60(b)(4) motion was predicated on his claim that substituted service by publication was improper, and thus the court did not have personal jurisdiction over him. Petitioner claims the process server did not exercise "actual" due diligence because if she had, she would have easily found him. He also points out that the petition for an order of publication contains an untrue statement, i.e., it asserts that the "Sheriff for Georgetown County did attempt service upon said defendant ..." In fact, service was only attempted by a private process server. It is clear from reading the two documents together that the petition is inaccurate, but that the process server's affidavit reflects due diligence by her.

Following an evidentiary hearing on petitioner's motion, the master issued an order refusing to set aside service of process. He found petitioner failed to present any evidence of fraud or collusion in obtaining the order for service by publication.

█ An order for service by publication may be issued pursuant to S.C.Code Ann. § 15-9-710 (Supp.1999) when an affidavit, satisfactory to the issuing officer, is made stating that the defendant, a resident of the state, cannot, after the exercise of due diligence, be found, and that a cause of action

---

4. *cf., Shillito v. City of Spartanburg,* 215 S.C. 83, 54 S.E.2d 521 (1949) (generally, trial judge loses jurisdiction over a case finally determined when he adjourns *sine die*).

exists against him. § 15–9–710(3). When the issuing officer is satisfied by the affidavit, his decision to order service by publication is final absent fraud or collusion. *Yarbrough v. Collins,* 293 S.C. 290, 360 S.E.2d 300 (1987); *Ingle v. Whitlock,* 282 S.C. 391, 318 S.E.2d 367 (1984); *Gibson v. Everett,* 41 S.C. 22, 19 S.E. 286 (1894); *Yates v. Gridley,* 16 S.C. 496 (1882). Since there were neither allegations nor proof of fraud or collusion before the master,[5] he correctly refused to set aside service.

Petitioner also appears to argue that the Court should draw a distinction between "direct" attacks on service such as his, and other "collateral" attacks. We know of no basis for characterizing this 60(b)(4) motion as "direct" rather than "collateral." In addition, to the extent petitioner relies on *Ingle v. Whitlock,* 282 S.C. 391, 318 S.E.2d 367 (1984), for the proposition that the Court does review the sufficiency of due diligence, he is misreading the opinion. In that opinion, the Court first recited the allegations in the affidavit, but then cited *Yates v. Gridley, supra,* for the proposition that the sufficiency of the due diligence allegations is a matter for the officer reviewing the affidavit. There is no "direct/collateral" distinction, nor any support for petitioner's request that this Court review the merits of the due diligence issue.

Finally, there is some suggestion in petitioner's brief that the master's refusal to review his due diligence claim on its merits deprived him of due process. This issue was never raised to the master, and cannot properly be raised now. *Beaufort County v. Butler,* 316 S.C. 465, 451 S.E.2d 386 (1994)(constitutional claims must be raised and ruled upon below to be preserved for appeal). In any case, we perceive no constitutional problem here.

---

5. In his brief before the Court, petitioner alleges the "material misrepresentations" in the Bank's petition for an order of publication were fraudulent. In his motion, and at the 60(b)(4) hearing before the master, however, there were no allegations of fraud or collusion, and the emphasis was on the alleged lack of due diligence by the process server. If petitioner wished to assert fraud or collusion, the burden of presenting such evidence, e.g., through the testimony of the clerk who ordered the publication or of the process server, fell to him.

For the reasons given above, we reverse the decision of the Court of Appeals, and affirm the master's order refusing to grant petitioner relief under Rule 60(b)(4).

**Reversed in part and Affirmed.**

TOAL, C.J., MOORE, J., Acting Justices ERNEST A. FINNEY, Jr., and GARY E. CLARY, concur.