THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 L. Brownell
 Combs, II, Respondent,
 v.
 Wilhelmina
 Combs, Appellant.
 
 
 

Appeal From Kershaw County
 Jeffrey M. Tzerman, Circuit Court Judge
Unpublished Opinion No. 2008-UP-003
Heard December 12, 2007  Filed January 2,
 2008 
AFFIRMED

 
 
 
 William S. Tetterton, of Camden, for Appellant.
 Thomas E. Lydon, of Columbia, for Respondent.
 
 
 

PER CURIAM:  This
 is an appeal from the denial of Appellants motion to set aside the judgment of
 foreclosure pursuant to Rule 60(b)(4), SCRCP.  She maintains the Master-in-Equity in Kershaw County did not have subject matter jurisdiction.  We affirm.
 
FACTS
In 1983, the parties deeded their ownership in
 property located in Kershaw County, South Carolina, to Diablita, Inc., a
 corporation controlled by Appellant.  Prior to being married in 1987, the
 parties signed an antenuptial agreement in which Respondent conveyed any
 ownership he had in Diablita to Appellant, making her the sole owner of the
 corporation.  Additionally, the agreement provided all property individually
 owned by either Appellant or Respondent, whether acquired before marriage or
 during the marriage, would remain the property of the individual with title to
 the property.  
In
 1992, Diablita gave Ely Place Nominees, LTD., a promissory note and mortgage on
 the Kershaw County property in exchange for a loan of $300,000.  Respondent
 testified Ely Place held money on his behalf and made the loan at his
 direction.  He indicated the money loaned to Diablita were his personal funds. 
 
Appellant
 filed for divorce in 1997 in Florida and did not list the debt Diablita owed to Ely Place.  In addition,
 Appellant never raised the issue of the debt during the divorce proceedings. 
 
Appellant
 sought to obtain a loan on the property in 1999 and realized the mortgage and
 note to Ely Place were still outstanding.  She brought suit in Kershaw County, seeking to have the mortgage and note declared null and void due to fraud. 
 The trial court dismissed the case due to the expiration of the applicable
 statute of limitations.  Appellant filed an appeal to this court, which
 affirmed the dismissal in Diablita, Inc. v. Ely Place Nominees, Op. No.
 2001-UP-517 (S.C. Ct. App. filed November 27, 2001).
Prior
 to the divorce hearing, Diablita deeded the property to Appellant individually.
  The Final Judgment of Dissolution of Marriage was entered in Florida in 2000. 
 The divorce decree awarded possession of the Kershaw County property to
 Appellant but did not address the indebtedness in any manner.  Additionally,
 the divorce decree affirmed the antenuptial agreement signed by the parties and
 stated that any personal items not specifically addressed by the decree shall
 be the property of the party in possession and control of the item.  
In 2002, Ely Place assigned the note and mortgage to Respondent. 
 He commenced this action for foreclosure in 2003.  Prior to the hearing on the
 action in 2005, Appellant moved to dismiss for lack of subject matter
 jurisdiction.  The Master denied the motion.  The Master later issued a
 Masters Report and Judgment of Foreclosure and Sale without mentioning the
 jurisdictional issue.  
Appellant filed an appeal from the denial of her motion to
 dismiss.  The appeal was dismissed by this court as interlocutory and not
 immediately appealable.  Appellant then filed a motion pursuant to Rule
 60(b)(4), SCRCP, seeking an order setting aside the judgment and sale for lack
 of subject matter jurisdiction.  The Master denied the motion and this appeal
 followed.  
STANDARD OF REVIEW
Whether to grant or
 deny a motion under Rule 60(b), SCRCP, is within the sound discretion of the
 judge.  Coleman v. Dunlap, 306 S.C. 491, 494, 413 S.E.2d 15, 17 (1992). 
 Our standard of review, therefore, is limited to determining whether the Master
 committed an abuse of discretion.  BB&T v. Taylor, 369 S.C. 548,
 551, 633 S.E.2d 501, 502-03 (2006).  An abuse of discretion occurs when the
 judge issuing the order was controlled by an error of law or the order is based
 on factual conclusions that are without evidentiary support.  Tri-County Ice
 & Fuel Co. v. Palmetto Ice Co., 303 S.C. 237, 242, 399 S.E.2d 779, 782
 (1990).
LAW/ANALYSIS
Appellant maintains
 the Master erred in ruling he had subject matter jurisdiction to hear the
 foreclosure action.  She contends the Florida Family Court that heard the
 divorce action retained exclusive jurisdiction over the parties and their
 property.  We disagree.
Subject
 matter jurisdiction refers to the courts power to hear and determine cases of
 the general class to which the proceedings in question belong.  Watson v.
 Watson, 319 S.C. 92, 93, 460 S.E.2d 394, 395 (1995) (quoting Dove v.
 Gold Kist, Inc., 314 S.C. 235, 237-38, 442 S.E.2d 598, 600 (1994)).  The
 Master-in-Equity is considered a division of the circuit court and obtains
 jurisdiction through an order of reference from the circuit court.  See S.C. Code Ann. § 14-11-15 (Supp. 2006); Rule 53, SCRCP.  A master would then
 have subject matter jurisdiction over a properly referred foreclosure action.  See Wachovia Bank of South Carolina, N.A. v. Player, 341 S.C. 424, 427, 535
 S.E.2d 128, 129 (2000).
The
 Florida Family Court was endowed with the jurisdiction to decide issues related
 to the marital property of the parties and the equitable division of that
 property.  See Fla. Stat. Ann. § 61.075.  The Florida Court exercised
 this jurisdiction in approving the antenuptial agreement signed by the parties
 and in specifically allocating to each party the property individually titled
 in his or her name and the personal property he or she controlled.  
Assuming
 the Florida court had the power to determine issues related to the note and
 mortgage on the property, neither party raised the issues, and the Florida court did not address the debt in its divorce decree.  The sole determination by
 the Florida court would have been to determine to which party the property and
 any interest in Diablita or Ely Place belonged.  Cf. Davis v.
 Dieujuste, 496 So.2d 806 (Fla. 1986).  The Florida court upheld the
 antenuptial agreement which, when applied in this case, resulted in the Kershaw County property being distributed to Appellant and Respondent retaining whatever
 interest he may have had in Ely Place.  There were no further issues related to
 the property for the Florida court to determine.  Additionally, the Florida divorce action would not have been an appropriate forum for a foreclosure action to
 occur because Ely Place held the note and mortgage, and it was not a party to
 the divorce action.  As a result, the divorce decree did not eliminate the
 third-party debt to Ely Place, and res judicata would not apply
 to prevent a foreclosure in South Carolina.  See, e.g., Florida Bar
 v. Rodriguez, 959 So.2d 150, 158 (Fla. 2007) (requiring (1) identity of
 the thing sued for; (2) identity of the cause of action; (3) identity of
 persons and parties to the action; and (4) identity of quality in persons for
 or against whom claim is made.).  Moreover, under Florida law, a suit seeking
 transfer of title to real estate is considered to be quasi in rem and must be
 brought in the county where the land is situated.  See Goedmakers v.
 Goedmakers, 520 So.2d 575 (Fla. 1988).  Although a mortgage does not
 transfer title, it subjects the title to a lien, and a successful foreclosure
 would transfer legal title to the subject property.  Thus, the Florida divorce court did not have jurisdiction to entertain an action to foreclose or
 invalidate the mortgage lien in question.  See Hammond v. DSY
 Developers, LLC, 951 So.2d 985, 988-89 (Fla. Dist. Ct. App. 2007); Ocean
 Bank v. State Dept. of Financial Services, 902 So.2d 833, 835 (Fla. Dist. Ct. App. 2005).  
 
Even
 though the Florida court retained jurisdiction to enforce the divorce decree,
 this would extend only to those issues arising under the divorce decree.  The
 issues would relate to the possession of the property and not the validity of
 the note and mortgage assumed by Appellant with the allocation of the
 property.  In addition, the Florida Family Court would not have jurisdiction
 over Ely Place as it was a separate entity from Respondent and not a party in
 the Florida action.  
Accordingly,
 the divorce proceedings would not act as a bar to the South Carolina courts
 having jurisdiction over the foreclosure action.  Because Appellant does not
 dispute the efficacy of the referral to the Master, the Master clearly had
 subject matter jurisdiction to hear the foreclosure action.  
CONCLUSION
We
 find the Master had subject matter jurisdiction to hear the foreclosure
 action.  Therefore, the order of the Master denying Appellants Rule 60(b)(4)
 motion is
AFFIRMED.
HUFF
 AND PIEPER, JJ., and CURETON, AJ., concur.