THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 CitiMortgage, Inc., Respondent,
 v.
 Thomas Michael Wicks, The South Carolina Department of Motor Vehicles, Mortgage Electronic Registration Systems, Inc. (MIN#
 1000305-0000201898-5), and Sharonview Federal Credit Union, Defendants,
 With Robert D. Wicks, Intervenor,
 Of whom Thomas Michael Wicks and Robert D. Wicks are Appellants.
 
 
 

Appeal From Greenville County
Charles B. Simmons, Jr., Master-In-Equity

Unpublished Opinion No.  2011-UP-197
Submitted May 1, 2011  Filed May 2, 2011 

AFFIRMED

 
 
 David C. Alford, of Spartanburg, for Appellants.
 Robert Paul Davis and John J. Hearn, both of Columbia, for Respondent.
 
 

PER CURIAM:  After the master entered a judgment of foreclosure and sale on property owned by Thomas Michael Wicks and mortgaged by his father,
Robert D. Wicks, (collectively, the Wickses), the Wickses moved to vacate the judgment and to allow Robert to intervene.  The master denied both
motions.  The Wickses appeal, arguing the master erred in 1) refusing to set aside the foreclosure sale as void and 2) denying Robert's motion to
intervene.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: 
1.  As to the master's refusal to set aside the foreclosure sale as void:   S.C. Code Ann. § 29-3-10 (2007) (providing the borrower/mortgagor
is the owner of the mortgaged property, the lender is the owner of the money loaned, and the lender "shall be entitled to recover satisfaction for such
money out of the land by foreclosure and sale according to law"); S.C. Code Ann. § 29-3-620 (2007) (stating when a lender initiates a foreclosure action
but declines to seek a deficiency judgment, he need not "make a mortgagor who has conveyed to another the mortgaged premises a party to any action for
foreclosure"); S.C. Code Ann. § 29-3-630 (2007) (requiring a court of competent jurisdiction must establish "the debt for which the security is
given" before any sale of the foreclosed property may be valid to pass title); Rule 71, SCRCP (recognizing circuit court has jurisdiction over foreclosure
actions and ordinarily refers them to a master-in-equity for adjudication); Wachovia Bank of S.C., N.A. v. Player, 341 S.C. 424, 427, 535 S.E.2d 128, 129
(2000) (holding an order of reference "gives the master jurisdiction over the case and all matters arising from it until the master has performed all the
duties assigned to him"); Greenwood Loan & Guar. Ass'n v. Williams, 71 S.C. 421, 424-25, 51 S.E. 272, 273 (1905) (holding mortgagor who conveyed
title to another person "was not a necessary party to the foreclosure proceedings" under statute predating section 29-3-620 and that trial court had
discretion "even to strike out the name of a sole defendant, and substitute another as real party in interest, if due notice is allowed for
answer"). 
2.  As to the master's denial of Robert's motion to intervene:  Rule 208(b)(1)(D), SCACR (requiring arguments on appeal to include citations to
legal authority); Eaddy v. Smurfit-Stone Container Corp., 355 S.C. 154, 164, 584 S.E.2d 390, 396 (Ct. App. 2003) ("[S]hort, conclusory statements
made without supporting authority are deemed abandoned on appeal and therefore not preserved for our review.").
AFFIRMED. 
FEW, C.J., LOCKEMY, J., and CURETON, A.J., concur. 

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.