**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Johnny Scott, Respondent,

v.

Heirs of James Prioleau, Crystal Adams, John Doe, Sarah Doe, Richard Roe and Mary Roe, being fictitious names used to designate the unknown heirs-at-law, administrators, executors, successors and assigns, if any, and all other persons claiming any right, title, estate, interest in or lien upon the lands of the estate of James Prioleau, or any portion thereof, including any such as may be infants, incompetents, or otherwise under any disability, Appellants.

Appellate Case No. 2022-000172

———————

Appeal From Charleston County
Mikell R. Scarborough, Master-in-Equity

———————

Unpublished Opinion No. 2024-UP-231
Submitted June 1, 2024 – Filed July 3, 2024

———————

**AFFIRMED**

———————

Willie Bruce Heyward, of Heirs Property Law Firm, LLC, of Charleston, for Appellants.

Veronica G. Small, of Family Legal Services, LLC, of Mt. Pleasant, for Respondent.

Toya J. Hampton, of Charleston, for the Guardian ad Litem.

---

**PER CURIAM:**  The Heirs of James Prioleau (Heirs) appeal the order quieting title in a boundary dispute.  On appeal, they argue Johnny Scott failed to effectuate service of the pleadings on them and the master-in-equity abused its discretion in denying the motion to set aside the entry of default.

We hold Scott effectuated service on Heirs because he sufficiently complied with Rule 4(d)(8) of the South Carolina Rules of Civil Procedure to provide Heirs notice of the pleadings.  *See Graham L. Firm, P.A. v. Makawi*, 396 S.C. 290, 294-95, 721 S.E.2d 430, 432 (2012) ("The trial court's findings of fact regarding validity of service of process are reviewed under an abuse of discretion standard."); *Delta Apparel, Inc. v. Farina*, 406 S.C. 257, 266, 750 S.E.2d 615, 620 (Ct. App. 2013) ("Effective service of process can also be made upon an individual 'by registered or certified mail, return receipt requested and delivery restricted to the addressee. Service is effective upon the date of delivery as shown on the return receipt.'" (quoting Rule 4(d)(8), SCRCP)); Rule 4(d)(8), SCRCP ("Service pursuant to this paragraph shall not be the basis for the entry of a default or a judgment by default unless the record contains a return receipt showing the acceptance by the defendant."); *id.* ("Any such default or judgment by default shall be set aside pursuant to Rule 55(c) or Rule 60(b) if the defendant demonstrates to the court that the return receipt was signed by an unauthorized person."); *Roche v. Young Bros. of Florence*, 318 S.C. 207, 209-10, 456 S.E.2d 897, 899 (1995) ("We have never required exacting compliance with the rules to effect service of process."); *id.* at 210, 456 S.E.2d at 899 ("Rather, we inquire whether the plaintiff has sufficiently complied with the rules such that the court has personal jurisdiction of the defendant and the defendant has notice of the proceedings.").  Further, we hold any error in the service by certified mail was cured by the service by publication.  *See* S.C. Code Ann. § 15-9-720(B)(2) (2023) ("Service by publication under this section is equal to personal service on the unknown party."); *Wachovia Bank of S.C., N.A. v. Player*, 341 S.C. 424, 428-29, 535 S.E.2d 128, 130 (2000) ("An order for service by publication may be issued pursuant to [section 15-9-710 of the South Carolina Code (Supp. 1999)] when an affidavit, satisfactory to the issuing officer, is made stating that the defendant, a resident of the state, cannot, after the exercise of due diligence, be found, and that a cause of action exists against him."); *id.* at

429, 535 S.E.2d at 130 ("When the issuing officer is satisfied by the affidavit, his decision to order service by publication is final absent fraud or collusion.").[1]

Further, we hold the master-in-equity did not abuse its discretion in refusing to set aside the entry of default because the ruling was not controlled by an error of law and it did not lack evidentiary support. *See Sundown Operating Co. v. Intedge Indus., Inc.*, 383 S.C. 601, 606, 681 S.E.2d 885, 888 (2009) ("The decision whether to set aside an entry of default or a default judgment lies solely within the sound discretion of the trial [court]."); *id.* ("The trial court's decision will not be disturbed on appeal absent a clear showing of an abuse of that discretion."); *id.* at 607, 681 S.E.2d at 888 ("An abuse of discretion occurs when the [court] issuing the order was controlled by some error of law or when the order, based upon factual, as distinguished from legal conclusions, is without evidentiary support.").

**AFFIRMED.**[2]

**GEATHERS, HEWITT, and VINSON, JJ., concur.**

---

[1] On appeal, Heirs did not argue service by publication was ineffective due to a lack of due diligence on the part of Scott. *See* S.C. Code Ann. § 15-9-710(3) (2005) (allowing service by publication "[w]hen the person on whom service of the summons is to be made cannot, after due diligence, be found within the State" and the "defendant is a resident of this State and after a diligent search cannot be found").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.