## 14868

### BEACHAM v. ROSS *ET AL.*

(2 S. E. (2d), 690)

*Mr. R. N. Ward,* for appellants,

Messrs. *R. E. Babb* and *Blythe & Bonham,* for respondent,

April 21, 1939.

*Per curiam.*

The facts out of which this controversy arose are fully set out in the Court's opinion reported in 187 S. C., 398, 197 S. E., 369, 374. On that appeal the judgment of the Court below was modified in certain respects and the case remanded for further proceedings consistent with the opinion. The Master thereafter held several references and duly made his report on October 10, 1938, to which exceptions were taken by the plaintiff. The matter was duly heard by his Honor, Judge Mann, who filed a decree modifying the findings of the Master as to the amount of loss on mill stocks, and rejecting his recommendations as to costs, commissions on surcharges and the entering of judgment, and as to the amount of attorneys' fees which should be allowed against the estate.

Upon consideration of the questions presented, we are convinced that the findings and conclusions of the Master are correct, except as to the time the cotton mill stocks held by the executor should have been sold.

In its former opinion the Court said:

"Of course, an executor is entitled to a reasonable time for the conversion of stocks belonging to an estate, and what would be reasonable in one case might not be in another. Courts of equity, therefore, will look to the facts and circumstances of each particular case. The Court below will be governed by this rule in determining the loss sustained by the appellants, and the case will be sent back to that Court for such determination, among other things."

With this decision before him, the Master found that the cotton mill stocks held by the executor should have been disposed of when other stock was sold by him on June 28, 1927; and that the loss to the estate, by reason of his failure to do so, amounted to $4,381.63. The Circuit Judge did not agree with this finding. He held that a reasonable time for the sale of the stock would have been between January, 1931, and the summer of 1934, and thereby fixed the amount of loss to be borne by the executor at a very low figure, in view of the fact that the stock had then greatly depreciated in value.

It is clear from a reading of the former decision of the Court that it does not sustain, when correctly construed, the conclusions reached by the Circuit Judge. Nor does it fully support the findings of the Master, as we have indicated, as to when sale of the stock should have been made by the executor. We said: "The executor had thirty-nine months after he came into possession of the stocks to dispose of them before the depression struck in October, 1929. After that time, these securities rapidly depreciated in value, and he having failed to sell them when he should have sold, found himself in a dilemma as to what should be done. He held on, however, and a loss was sustained by the estate: and as the testimony clearly indicates that such loss was due to the negligence of the executor, we hold that it is chargeable against him." Also: "He sold a portion of such securities, presumably by order of the Court, at a time when he

was able to realize good prices therefor; and no good reason is made to appear why he could not have disposed of all of them at that time, or within a reasonable time, and in the same way." And while the Court held that the facts and circumstances of each particular case should be looked to, and that what might be reasonable in one case might not be in another, it also pointed out that a trustee should not invest trust property in stock, and that any cotton mill stock investments should be disposed of by him at the earliest opportunity. In the same connection, it rejected, too, as being without merit, the contention of his counsel, that the executor should be excused for failure to dispose of the stock before he did for the reason that the testatrix made these investments herself.

The plaintiff qualified as executor on August 24, 1926, and has continued to serve in that capacity ever since. As indicated in our former opinion, he is a man of recognized honesty and wide business experience; and no doubt it was the possession of these very qualities, known to the testatrix, which influenced her in selecting him as an executor of her will. It also appears that a very friendly relationship existed between the executor and the legatees, and this doubtless rendered him immune from an inquisitorial proceeding for a number of years. Moreover, he did not have to qualify as the executor of Mrs. Chipley's will, if he did not wish to do so; but once the trust was accepted by him, it cannot be denied, and is not, that it was his business and legal duty to execute it in accordance with law. The record shows, however, that having qualified, he paid little or no attention to the duties of his office. His testimony is to the effect that he should have sold these stocks long before he did, but did not do so because the business of the estate was overlooked.

Under the admitted facts, we do not think it may soundly be held, as contended, that the legatees themselves were negligent in not demanding that

the stock be sold and are, therefore, *in pari delicto* with the executor. Moreover, their failure to act in the matter before they did, even if they were under any duty in the circumstances to do so, which we do not concede, cannot save the executor, a man of much business ability, with full knowledge of the business trends of the time, and fully aware of the hazardous character of these assets of the estate, from the result of his own inexcusable failure to perform the legal duties imposed upon him under the trust. Upon due consideration, we hold that the reasonable time for the sale of the stock in question would have been between August 24, 1927, and October, 1929. This liberal holding, in view of the facts disclosed, gives to the executor all that he is entitled to.

The case, therefore, must be remanded to the Circuit Court for the purpose of determining the average price of the stock in question between August 24, 1927, and October, 1929; and, based upon such average price, of determining the amount of the actual loss (not including interest) to the estate by reason of the executor's failure to sell these securities within the period of time named. When such amount is so found and fixed by the Master, the appellants herein will be given judgment against the executor therefor.

As thus modified, we approve and adopt the report of the Master. Let it be reported.

The decree of the Circuit Court is reversed, and the case is remanded to that Court for further proceedings consistent with this opinion.

Mr. Chief Justice Stabler and Messrs. Justices Bonham, Baker and Fishburne concur.

Mr. Justice Carter did not participate on account of illness.