22147

David Eugene INGLE, Respondent, v. Michael Edward WHITLOCK, Appellant.

(318 S. E. (2d) 367)

Supreme Court

*William U. Gunn,* of *Holcombe, Bomar, Wynn & Gunn,* Spartanburg, *for appellant.*

*George F. Abernathy,* of *Odom, Terry, Abernathy & Cantrell,* Spartanburg, *for respondent.*

Submitted June 8, 1984.

Decided July 31, 1984.

GREGORY, Justice:

Michael Edward Whitlock appeals from the denial of his motion to quash service of process by publication. We affirm.

Respondent David Eugene Ingle brought this action against Whitlock for injuries received in an automobile accident. A professional process server was unable to locate Whitlock to serve him with the summons and complaint; so five months after the complaint was drafted, respondent's attorney petitioned for an order permitting service by publication under S. C. Code Ann. § 15-9-710(2). The clerk of court granted the petition.

Appellant specially appeared through counsel for his Insurer and moved to quash the service of process. The motion was denied. He appeals, contending respondent made an insufficient showing pursuant to § 15-9-710(2) that appellant, a resident of this state, has departed therefrom with the intent to defraud his creditors or to avoid the service of a summons or that he is concealing himself within the State with like intent.

The affidavit attached to the petition recited that the professional process server diligently attempted to locate appellant at his last known address and another address; contacted the mail carriers who delivered mail to appellant; contacted appellant's stepmother; made several neighborhood inquiries and contacted Duke Power Company, Spartanburg Water Works and Correctional Release Center, all to no avail.

Counsel for appellant's Insurer states in his Brief that the Insurer has also been unable to locate appellant.

> [Section 10-451, now Section 15-9-710] does not specify the character of the facts and circumstances which must be stated in the affidavit or the quantity of the evidence necessary to satisfy the officer, before ordering publication. It simply requires that it must appear by affidavit to his satisfaction.

*Dow v. Bolden*, 245 S. C. 321, 140 S. E. (2d) 473, 477 (1965) (quoting *Yates v. Gridley*, 16 S. C. 496).

The facts and circumstances related in the petition and affidavit attached thereto were sufficient to satisfy the clerk of court who ordered publication. We find no error.

Affirmed.

LITTLEJOHN, C. J., NESS and HARWELL, JJ., and ALEXANDER M. SANDERS, JR., Acting Associate Justice, concur.