24030

Kim T. HUGHES, Appellant v. WATER WORLD WATER SLIDE, INC., Respondent.

(442 S.E. (2d) 584)

Supreme Court

*John P. Bacot, Jr.,* Surfside Beach, *for appellant.*

*Arrigo P. Carotti* and *Mary Ruth M. Baster,* both of *Mc-Cutcheon, McCutcheon & Baxter, P.A.,* Conway, *for respondent.*

Heard Jan. 18, 1994.

Decided Mar. 21, 1994.

TOAL, Justice:

Kim Hughes ("Plaintiff") filed a summons and complaint and delivered these papers to the sheriff of Horry County for service. Service was effected on the president of Wet World, Inc. ("Defendant") during the period provided under 3(b), SCRCP, but after the running of the statute of limitations. The original summons and complaint misnamed the Defendant. The trial judge dismissed the action as barred by the statute of limitations. We REVERSE.

## FACTS

The Plaintiff, a police officer, was injured on August 12, 1988 when he fell in a hole on Defendant's premises while in pursuit of a burglar. The Plaintiff filed a summons and complaint on August 12, 1991, the deadline under the statute of limitations. On the same day, the Plaintiff's attorney delivered to the sheriff's office of Horry County a copy of the summons and complaint for service upon the Defendant. In the summons and complaint, the Defendant was named as "Water World Water Slide, Inc." The true name of the corporation is "Wet World, Inc." An amended summons and complaint were filed on October 28, 1991 naming "Wet World, Inc." as the Defendant.

The original summons and complaint were served upon the president of the corporation, William H. Alford, on August 15, 1991. William Alford was also present the night of Plaintiff's injury. The Plaintiff's error in the name of the corporation resulted from Plaintiff's reliance on the sign in front of the business and the Defendant's insurer's reference to its insured as "Wet World Waterslide."

The trial judge dismissed the action, ruling that (1) no action was brought against "Wet World, Inc." within the statutory period, and (2) Rule 3(a), SCRCP, requires the service of the summons and complaint within the statutory period.

## LAW/ANALYSIS

We granted Defendant's motion to argue against precedent as to the applicability of Rule 3(b), SCRCP, to resident defendants. In *Garner v. Houck*, — S.C. —, 435 S.E. (2d) 847 (1993), this Court held that a defendant does not have to be absent from the State in order for the plaintiff to take advantage of Rule 3(b). Under Rule 3(b), the statute of limitations is tolled once the plaintiff files a summons and complaint and delivers the summons and complaint to the sheriff of the county where the defendant resides for service upon the defendant. We believe our reasoning in *Garner* to be sound. Rule 3(b), SCRCP, applies to both resident and absent defendants. We, therefore, decline to reverse *Garner, supra.* The statute of limitations in this case was tolled when the Plaintiff delivered the summons and complaint to the sheriff in the county where the Defendant resides within the statutory period.

Next, the Defendant claims that the October 28, 1991 amendment to the original summons and complaint correcting the name of the Defendant did not relate back to the original filing date. Rule 15(c), SCRCP, provides as follows:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleadings, the amendment relates back to the date of the original pleading.
>
> An amendment changing the party against whom a claim is asserted relates back if the foregoing provisions is satisfied and, within the period provided by law for commencing the action against him the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Interpreting the same rule under the Federal Rules of Civil Procedure, the United States Supreme Court found that Rule 15(c) requires that

(1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (2) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.

*Schiavone v. Fortune,* 477 U.S. 21, 29, 106 S.Ct. 2379, 2384, 91 L.Ed. (2d) 18, 27 (1986). The Supreme Court then held that when the amendment to the pleadings and service on the correct defendant occurred after the running of the statute of limitations, even though within the reasonable time allowed by the Rules for service of process, the amendment was untimely and the action was dismissed. We agree with *Schiavone*'s establishment of the four-part test to analyze the requirements of rule 15(c). We disagree, however, with the result.

In 1991, Federal Rule of Civil Procedure 15(c) was amended to specifically allow amendments naming additional parties based upon federal procedure rather than state law statute of limitations. The committee note on the rule directly states that:

this paragraph has been revised to change the result in *Schiavone v. Fortune, supra,* with respect to the problem of a misnamed defendant. . . . On the basis of the text of the former rule, the Court reached a result in *Schiavone v. Fortune* that was inconsistent with the liberal pleading practices secured by Rule 8.

Fed. R. Civ. P. 15(c) advisory committee's note. Although South Carolina has not adopted the 1991 amendment to Fed. R. Civ. P. 15(c), we read the original Rule 15(c), SCRCP consistent with the committee's note to amended Fed. R. Civ. P. 15(c). Thus, the result in *Schiavone* is inconsistent with our rules. We, therefore, decline to follow *Schiavone*.

Rule 8(f), SCRCP, requires that "[a]ll pleadings shall be so construed to do substantial justice to all parties." We agree with the committee note on amended Fed. R. Civ. P. 15(c) that Rule 8(f), SCRCP, is applicable and that the rules should be liberally construed. *See Russell v. City of Columbia,* 305 S.C.

86, 406 S.E. (2d) 338 (1991); *contra Schiavone v. Fortune,* 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed. (2d) 18 (1986). With these principles in mind, we turn to the facts of this case. Both parties agree that *Schiavone's* prongs one through three have been met. The Defendant claims that it did not receive notice within the statutory period and thus, the requirement of prong four is not satisfied. Since Rule 3(b) provides for the tolling of the statute of limitations for a reasonable period of time when the summons and complaint are delivered to the sheriff in the county where the defendant resides for service, we hold that the Defendant received actual notice within the "period allowed by law." Thus, requirement four is met in this case. Although the corporate name was incorrect on the pleadings, the pleadings were served upon the president of the defendant corporation. The pleadings described an incident which occurred while the president of the corporation was present and the name on the original pleadings was a trade name used by the defendant corporation. Under our reading of the South Carolina Rules of Civil Procedure, the Plaintiff has met all of the requirements of Rules 3(b) and 15(c). Accordingly, we REVERSE the trial judge's dismissal of this action and REMAND for further proceedings consistent with this opinion.

CHANDLER, Acting C.J., FINNEY and MOORE, JJ., and WILLIAM T. HOWELL, Acting Associate Justice, concur.