480 S.E.2d 467

**Leslie Eugene MONTGOMERY, Appellant,**

v.

**David MULLINS and Julia Mullins, Respondents.**

No. 2618.

Court of Appeals of South Carolina.

Heard Oct. 10, 1996.

Decided Jan. 13, 1997.

502

Angus M. Lawton, of Lawton & Rodgers, of Mount Pleasant, for appellant.

Robert G. Clawson, of Clawson & Staubes, of Charleston, for respondents.

CURETON, Judge:

Appellant, Leslie Eugene Montgomery, appeals from an order of the circuit court dismissing his suit for failure to serve the respondents, David and Julia Mullins (the Mullinses) with a summons and complaint within a reasonable time after filing the pleadings with the clerk of court.[1] We affirm.

## I. *Facts*

The parties were involved in an automobile accident on September 27, 1989. Montgomery commenced suit against the Mullinses by filing his summons and complaint with the Berkeley County Clerk of Court on September 23, 1992. After filing, the summons and complaint were forwarded to

---

1. Montgomery's appellate counsel is different from his counsel during the proceedings at the trial level.

the Sheriff of Berkeley County for service on the Mullinses. The Sheriff's Department attempted to serve the Mullinses on October 5, 1992, but was unable to locate either of them.

On October 28, 1993, Montgomery filed his petition with the Clerk of Court of Berkeley County for an order of publication alleging that he had been unable to locate the Mullinses after due diligence and requesting that he be allowed to serve them by publication. This petition was granted on November 1, 1993 by the Clerk of Court. The language of the Order of Publication states *inter alia*:

> After the exercise of due diligence, the Defendants cannot be located in the County of Berkeley and the Plaintiff has been unable to serve them with notice of these proceedings.

> It appears to the satisfaction of this Court that the Defendants cannot, after due diligence, be found in the County and State of their last known residence and jurisdiction in this matter cannot be attained on them by personal service.

Service by publication was completed on December 1, 1993. On December 21, 1993, the Mullinses moved to dismiss the complaint on the ground the statute of limitations had expired. The circuit court agreed and dismissed the action finding respondent, Julia Mullins, was not amenable to service by publication because she was always a resident of Berkeley County. The court questioned whether service by publication satisfied the requirements of Rule 3(b), SCRCP and further concluded that in the event it did, such service accomplished more than a year after the filing of the summons and complaint was not performed within a reasonable time as required by Rule 3(b), SCRCP.

## II. *Arguments*

Montgomery argues on appeal that even though he allowed more than a year to pass after filing the summons and complaint before serving the respondents by publication, he exercised due diligence in attempting to locate the respondents within that year and, thus, served them within a reasonable time. Montgomery further argues service by publication was proper because he exercised due diligence in attempting

to locate the respondents, although he had been unable to locate them in Berkeley County.

The Mullinses, on the other hand, argue Montgomery did not exercise due diligence in attempting to locate them. Also, the Mullinses argue that because Montgomery did not serve them within a reasonable time after filing the papers with the clerk of court, Rule 3(b) did not operate to toll the statute of limitations. The Mullinses further argue service by publication was not proper service on Julia Mullins since she has resided in Berkeley County continuously since the date of the accident. Moreover, they assert that even if service by publication was proper, Montgomery delayed the publishing of the pleadings for an unreasonable period time.

## III. *Law/Analysis*

■ Rule 3(b), SCRCP, tolls the statute of limitations once a plaintiff files his summons and complaint and delivers the pleadings to the sheriff of the county where the defendant was known to last reside for service upon the defendant, provided actual service occurs within a reasonable time thereafter. *Hughes v. Water World Water Slide, Inc.*, 314 S.C. 211, 442 S.E.2d 584 (1994). This rule applies to both residents and absent defendants. *Id.; Garner v. Houck*, 312 S.C. 481, 435 S.E.2d 847 (1993).

Montgomery argues he exercised due diligence in attempting to locate the defendants. Thus, he argues the judge should have found he served the defendants within a reasonable period of time. Counsel for Montgomery stated by affidavit that after the sheriff's department notified him of non-service, he contacted the Mullinses' insurance carrier to obtain a current address. He also testified he made other efforts to locate the whereabouts of the Mullinses, which included calling the phone number he secured, contacting the power and phone utilities, contacting the Office of the Chief of Navy Personnel in Washington, D.C. in order to locate Mr. Mullins, and calling the business number on the Uniform Traffic Accident Report only to be told Mr. Mullins did not work there. When all of these efforts failed, Montgomery petitioned for an order of publication.

Julia Mullins stated in her affidavit that she and her husband lived at the address listed on the accident report from the date of the accident until January, 1992, when the couple separated. David Mullins continued to live at the address until the summer of 1992. Julia Mullins further stated she had been continuously employed at the number listed as "business phone" on the accident report (Nationsbank) from the date of the accident until November, 1993 when she began working at a different Nationsbank branch office.

David Mullins stated by affidavit that he lived at the address listed on the accident report from the date of the accident until October 15, 1992 when he moved to Charleston County. He further stated he was visiting his mother when the Sheriff attempted to serve him on October 5, 1992. Mullins stated he left a change of address with the Ladson Post Office before moving.

■ Service of process by publication is authorized by S.C.Code Ann. § 15-9-710(3) (Supp.1995) where the defendant is a resident of this state, but after a diligent search cannot be found in this state. In *Ingle v. Whitlock*, 282 S.C. 391, 318 S.E.2d 367 (1984), the court allowed service of process by publication five months after a professional process server was unable to locate the defendant within the state. The plaintiff in *Ingle* claimed to have hired a professional process server who had unsuccessfully attempted to contact the defendant at several addresses. *Id.* at 392, 318 S.E.2d at 368. The plaintiff also had contacted the mail carriers who delivered mail to the defendant, contacted the defendant's stepmother, made several neighborhood inquiries, and contacted power and water utilities in an attempt to locate the defendant. *Id.* The court found the facts and circumstances contained in the petition sufficient to satisfy the clerk of court who ordered publication. *Id.* at 393, 318 S.E.2d at 368.

■ Initially, we distinguish between the trial court's treatment of the issue of validity of the order of publication, and the trial court's conclusion that service of the pleadings by publication, although valid, was not accomplished within a reasonable time after the filing of the summons and complaint and the delivery of the papers to the sheriff for service. As to the determination of whether the order of publication was

valid based on Montgomery's lack of diligence in attempting to locate the Mullinses, we hold the trial court was without authority to overrule the finding of the clerk of court that the Mullinses could not, "after due diligence, be found in the County and State of their last known residence." *Yarbrough v. Collins*, 293 S.C. 290, 292–293, 360 S.E.2d 300, 301 (1987), citing *Yates v. Gridley*, 16 S.C. 496 (1882), makes it clear that in the absence of fraud or collusion, the decision of the officer ordering service by publication is final. Therefore, to the extent the trial court concluded the publication was invalid, we reverse.

We, nevertheless, affirm the trial court's dismissal of Montgomery's suit on the ground he did not effect service by publication within a reasonable time after filing of the pleadings and delivery of the pleadings to the sheriff for service pursuant to Rule 3(b), SCRCP. Whether or not an action has been accomplished within a reasonable period of time depends on the circumstances of the case. *Beacham v. Ross*, 190 S.C. 219, 2 S.E.2d 690 (1939); *cf. Good v. Kennedy*, 291 S.C. 204, 352 S.E.2d 708 (Ct.App.1987) (whether an official has exercised diligence depends upon the particular circumstances of each case). Whether or not Montgomery served the Mullinses by publication within a reasonable period of time is a matter addressed to the trial judge's discretion, and this court will not disturb that determination absent an abuse of that discretion. *See Coleman v. Dunlap*, 306 S.C. 491, 413 S.E.2d 15 (1992) (relating to a reasonable time for filing a Rule 60 motion). Although there is room for disagreement, the circumstances of this case are sufficient to conclude that Montgomery waited an unreasonable period of time to attempt service on the Mullinses by publication. We find no abuse of discretion by the trial court.

Accordingly, the order of the trial court is affirmed.

**AFFIRMED.**

ANDERSON and STILWELL, JJ., concur.