The South Carolina Court of Appeals

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 

PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Jafar Hasseini, Appellant,
 v.
 Alicestine Hamilton, Personal Representative of the Estate of Melvin Hamilton, Respondent.
 
 
 

Appeal From Charleston County
Mikell R. Scarborough, Master in Equity
Unpublished Opinion No. 2007-UP-328
Submitted June 1, 2007  Filed June 21, 2007
AFFIRMED

 
 
 
 Gregg E. Meyers, of Charleston, for Appellant.  
 
 Benjamin Goldberg and Charles Goldberg, both of Charleston, for Respondent.
 
 
 

PER CURIAM:  Jafar Hasseini appeals the masters grant of summary judgment in favor of Alicestine Hamilton, personal representative of the estate of Melvin Hamilton.  We affirm.[1]
FACTS
Hasseini purchased commercial property from Melvin Hamilton in 1999.  Hasseini believed the property could be connected to water and sewer service via lines running in front of the property.  In January 2000, he discovered that was not the case and shortly thereafter filed suit against Hamilton and other parties, including both the real estate agency and agent. 
 
Hasseini did not know Hamiltons address, although documents from the transaction showed Hamiltons forwarding address as that of the commercial property itself (3729 Ashley Phosphate NC) and John C. Calhoun Apt NC.  Hasseini delivered four copies of the summons and complaint to the Dorchester County Sheriff on May 14, 2002 for service on Hamilton and other defendants.  He made periodic checks with the Sheriffs office regarding the status of service on Hamilton and was told they were working on it.  In October 2003, during a deposition, the real estate agent indicated he had some knowledge as to Hamiltons location.  Hamilton was ultimately served by a private process server on February 23, 2004.  
Sheriffs office employees testified they had no record of a summons and complaint being delivered for service upon Hamilton.  However, the Sheriffs office did have records showing that pleadings for both the real estate agent and agency were left with the office and service was actually accomplished as to these defendants.  
 
Hamilton moved for summary judgment, arguing the statute of limitations had run on Hasseinis claims by the time he was served.  The master concluded that service was not effected upon Hamilton within a reasonable time after the summons and complaint were delivered to the Sheriff, and therefore the statute of limitations was not tolled.  Consequently, Hasseinis case against Hamilton was dismissed. 
 
LAW/ANALYSIS
The master found that Hasseinis claim accrued in January 2000 when he discovered there was no access to sewer lines from the property.  Therefore, the applicable rule governing service was the rule in effect at that time.  See Bergstrom v. Palmetto Health Alliance, 358 S.C. 388, 397, 596 S.E.2d 42, 46-47 (2004) (quoting Stephens v. Draffin, 327 S.C. 1, 5, 488 S.E.2d 307, 309 (1997)) (In South Carolina, the law in effect at the time the cause of action accrued controls the parties legal relationships and rights.).  At that time, Rule 3(b) of the South Carolina Rules of Civil Procedure provided for the tolling of the statute of limitations when the summons and complaint were delivered to the sheriff for service, provided actual service was then made within a reasonable time.[2]  See Hughes v. Water World Water Slide, Inc., 314 S.C. 211, 215, 442 S.E.2d 584, 586 (1994); Montgomery v. Mullins, 325 S.C. 500, 504, 480 S.E.2d 467, 469 (Ct. App. 1997).
Whether service was made within a reasonable time depends on the circumstances of the case.  Montgomery, 325 S.C. at 504, 480 S.E.2d at 470.  In this case, the record shows that Hamilton indeed resided at the John C. Calhoun Apartments in North Charleston immediately following the sale of the property and for the next ten months.  Hamiltons wife and daughter testified that the family completed a change of address form for the U.S. Postal Service and had no trouble receiving mail at that address.  Hamilton then moved to Hollywood, South Carolina, in Charleston County, and again completed a change of address form.  Hamilton was also listed in the Greater Charleston/North Charleston phone book from 2001 through 2004.  Furthermore, Hasseini was in possession of Hamiltons social security number which, when given to the private process server, led to Hamiltons location. 
 
At the summary judgment hearing, Hamilton did not dispute that the summons and complaint were delivered to the Sheriffs office for service on Hamilton.  Nevertheless, Hamilton was not actually served until one year and nine months later.  The master found that to be an unreasonable time.  We agree.  Although Hasseini called the Sheriffs office periodically to check on the status of service, there comes a point when it is incumbent upon a plaintiff to take further steps.  In this case, Hasseini continued to rely on the Sheriffs office for well over a year before even beginning to pursue service through an investigator based on information already in his possession or readily accessible through public means.  As a result, Hamilton was not served until more than a year after the statute of limitations had run. 
 
In Montgomery v. Mullins, 325 S.C. 500, 480 S.E.2d 467 (Ct. App. 1997), this court affirmed the trial courts determination that service was not made within a reasonable time after delivery to the sheriff.  In that case, the summons and complaint had been filed with the clerk of court in late September 1992, just as the statute of limitations was about to expire, and were forwarded to the sheriff for delivery.  Id. at 502-03, 480 S.E.2d at 468.  The plaintiff had pursued the whereabouts of the defendants through various means and ultimately served them by publication.  Id. at 504, 480 S.E.2d at 469.  Service was completed in late December 1993, approximately one year and two months after delivery to the sheriff.  Id.  
 
The plaintiff in Montgomery did receive an affidavit of non-service from the sheriffs office, which distinguishes it from this case.  Id. at 504, 480 S.E.2d at 469.  However, the elapsed time between delivery to the sheriff and actual service is considerably longer in this case and there is no evidence Hasseini was taking any significant action to aid the sheriff in effecting service.  The determination of whether Hamilton was served within a reasonable time is in the masters discretion, and there is ample evidence in the record to support his ruling.  Id. at 506, 480 S.E.2d at 470.  Consequently, the ruling of the master is 
 
AFFIRMED.
STILWELL, SHORT, and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] The present form of the rule omits any reference to delivery of the summons and complaint to the sheriff and simply provides [a] civil action is commenced when the summons and complaint are filed with the clerk of court if:  (1) the summons and complaint are served within the statute of limitations . . . ; or (2) if not served within the statute of limitations, actual service must be accomplished not later than one hundred twenty days after filing.  Rule 3(a), SCRCP.