THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Trico
 Engineering Consultants, Respondent,
 v.
 S. Joseph
 Kozlowski, Appellant.
 
 
 

Appeal From Georgetown County
 J. Michael Baxley, Circuit Court Judge
Unpublished Opinion No. 2010-UP-511
Submitted October 1, 2010  Filed November
 23, 2010    
REVERSED

 
 
 
 Charles Owen Nation, II, of Georgetown, for Appellant.
 John W. Davidson, of Columbia, for Respondent.
 
 
 

PER CURIAM:  In this debt collection action, S. Joseph Kozlowski
 appeals the circuit court's denial of his motion for relief from default
 judgment.  On appeal, Kozlowski maintains the circuit court abused its
 discretion in failing to grant relief pursuant to Rule 60(b)(1) and (4), SCRCP,
 arguing the default was the result of excusable neglect or, in the alternative,
 the judgment was void because service of process was not perfected.  We reverse.[1]
Rule
 60(b)(4) provides for relief from default when the judgment is void.  Rule
 60(b)(4), SCRCP ("On motion and upon such terms as are just, the court may
 relieve a party . . . from a final judgment, order, or proceeding [because] . .
 . the judgment is void.").  "A judgment is void if a court acts
 without personal jurisdiction."  BB & T v. Taylor, 369 S.C.
 548, 551, 633 S.E.2d 501, 503 (2006).  A court usually obtains personal
 jurisdiction by the service of the summons, which, pursuant to Rule 4, SCRCP,
 is typically effected by delivering a copy of the summons and complaint to the
 individual personally or by leaving copies thereof at the individual's
 residence, or by delivering a copy to an agent authorized by law to receive
 service of process.  Rule 4(d)(1), SCRCP.  When the defendant is a resident of
 this state, but after a diligent search cannot be found, service by publication
 may be appropriate.  S.C. Code Ann. § 15-9-710(3) (2005); Montgomery v.
 Mullins, 325 S.C. 500, 505, 480 S.E.2d 467, 470 (Ct. App. 1997).  
In
 South Carolina, service by publication is authorized by statute.  See S.C.
 Code Ann. §§ 15-9-710 to -750 (2005 & Supp. 2009).  Specifically, pursuant
 to section 15-9-710, an order for service by publication may be issued "when
 an affidavit, satisfactory to the issuing officer, is made stating that the
 defendant, a resident of the state, cannot, after the exercise of due diligence,
 be found and that a cause of action exists against him."  S.C. Code Ann. §
 15-9-710 (2005); Wachovia Bank of S.C., N.A. v. Player, 341 S.C. 424,
 428-29, 535 S.E.2d 128, 130 (2000).  When publication is deemed appropriate
 under the framework outlined above, section 15-9-740 (Supp. 2009) sets forth
 specific statutory requirements for the order of publication.  In particular,
 section 15-9-740 provides:

 The
 order of publication shall direct the publication to be made in one newspaper .
 . . for such length of time as may be deemed reasonable not less than once a
 week for three weeks.  The court . . . shall also direct that a copy of the
 summons be forthwith deposited in the post office directed to the person to be
 served at his place of residence, unless it appears that such residence is
 neither known to the party making the application nor can, with reasonable
 diligence, be ascertained by him.  

S.C. Code Ann. § 15-9-740. 
Here,
 following several unsuccessful attempts at serving Kozlowski personally, Trico
 Engineering Consultants (Trico) sought an order for service by publication from
 the circuit court.  While Kozlowski's specific residence was unknown, Trico
 averred Kozlowski's last known address was the Nation Law Firm, 317 Screven
 Street, Georgetown, S.C.  Consequently, in accordance with section 15-9-740,
 the circuit court's order for service by publication directed Trico to (1)
 publish the summons and complaint in The Georgetown Times once a week for three
 successive weeks and (2) mail a copy of the pleadings by certified mail to
 Kozlowski at his last known address on or before the first date of publication. 
 Significantly, the order expressly cited 317 Screven Street, Georgetown, S.C.,
 as Kozlowski's last known address where the summons was to be mailed.  Despite
 this specific mailing requirement, however, Trico mailed the pleadings to a
 Post Office Box address neither mentioned in the order nor disclosed to the
 parties to be a more appropriate address for Kozlowski.  Kozlowski asserts this
 noncompliance with the order's specific mailing requirement renders the service
 by publication invalid.  
Notwithstanding
 actual notice,[2] we are constrained to find service
 was not proper when Trico failed to comply with the specific mailing
 requirement of the circuit court's order.  Consequently, after a thorough
 review of the record, we find the circuit court erred in failing to grant
 relief under Rule 60(b)(4),[3] and we reverse the order of the circuit court pursuant to the following
 authorities:  S.C. Code Ann. § 15-9-740
 (establishing the requirements for service by publication); Tenney v. Am.
 Pipe Mfg. Co., 96 F. 919, 919 (D.S.C. 1899) (service by publication is in
 derogation of the common law, and the statute must be strictly construed); see,
 e.g., Brown v. Malloy, 345 S.C. 113, 126-27, 546 S.E.2d 195, 201-02
 (Ct. App. 2001) (finding notice would be insufficient for due process purposes when
 order of publication erroneously designated county where defendant did not
 reside as the proper county for publication and when notice was published in a newspaper
 of general circulation in the improper county); McGloon v. Gwynn, 100
 P.3d 621, 625 (Idaho 2004) (finding failure to comply with mailing requirement
 of rules of civil procedure in effecting service by publication required
 default judgment be set aside as service was invalid); In re Marriage of
 Wilson, 502 N.E.2d 447, 449 (Ill. App. 1986) (holding failure to mail a
 copy of the publication to respondent's last known address as stated in the
 affidavit and required by relevant statute rendered service by publication
 invalid when strict compliance with the statute mandated mailing of the notice
 as a relevant part of the publication process); Sink v. Easter, 202
 S.E.2d 138, 141 (N.C. App. 1974) (finding plaintiff's failure to mail defendant
 a copy of the notice of divorce when the service was by publication, as
 required by the statute, rendered service of process by publication invalid); Sanders
 v. Sanders, 278 A.2d 615, 618 (Md. App. 1971) (stating in divorce
 proceeding "[w]here a statute requires not only a publication but also
 that a copy of the petition be mailed by registered mail to the defendant at
 his or her last known address, the mailing is as much a part of the service as
 the publication, and where there is a publication but there is no mailing, or
 the plaintiff causes a notice to be mailed to a false address, the service is
 void. The mere fact that the
 defendant has actual notice of the institution of the proceedings against him
 is not sufficient to give the court jurisdiction where the plaintiff has not
 complied substantially with the statutes on constructive service.")
 (quoting 24 Am. Jur. 2d, Divorce and Separation § 286); Anderson v.
 Anderson, 82 N.E. 311, 311 (Ill. 1907) (finding failure to mail notice of
 publication to the last known residence when notice mailed to 5857 State
 Street, Chicago, IL, rather than 5559 State Street, as stated in the affidavit,
 was insufficient to confer jurisdiction).[4]
REVERSED.
WILLIAMS,
 PIEPER, and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] At the hearing, counsel indicated Kozlowski came to
 his office after reading the publication in The Georgetown Times.
[3] We note the following factors, while relevant to a
 motion under Rule 60(b)(1), do not apply to a motion pursuant to Rule 60(b)(4):
 (1) the promptness with which relief is sought, (2) the reasons for the failure
 to act promptly, (3) the existence of a meritorious defense, and (4) the
 prejudice to the other parties.  See BB&T, 369 S.C. at 553
 n.1, 633 S.E.2d at 503 n.1.
[4] Based on our disposition herein, we need not reach Kozlowski's
 remaining argument as to excusable neglect under Rule 60(b)(1), SCRCP.  See Futch v. McAllister Towing of Georgetown, Inc., 335 S.C. 598, 613, 518
 S.E.2d 591, 598 (1999) (holding an appellate court need not address an issue
 when its determination of a prior issue is dispositive of the appeal).