**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Henry Lee Carroll, II, Appellant,

v.

Alex Webb Causey and Stacey Jenkins, Defendants,

Of Whom Stacey Jenkins is the Respondent.

Appellate Case No. 2014-002585

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

Appeal From Barnwell County
Alison Renee Lee, Circuit Court Judge

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

Unpublished Opinion No. 2016-UP-233
Submitted April 1, 2016 – Filed June 1, 2016

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

**AFFIRMED**

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

E. Tim Moore, Jr., of The Moore Firm, LLC, of Barnwell, and Beth B. Richardson, of Columbia, for Appellant.

Robert W. Achurch, III, and James Andrew Yoho, both of Howell Gibson & Hughes, P.A., of Beaufort; and Clarissa Warren Joyner, of The Law Firm of Clarissa Warren Joyner, of Orangeburg, for Respondent.

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

**PER CURIAM:**  Henry Lee Carroll appeals the trial court's order granting Respondent's motion to dismiss on the basis that his claim was barred by the statute of limitations, arguing the trial court erred in (1) granting the motion to dismiss because the statute of limitations determination required findings of fact that were not evident on the face of the complaint, (2) granting the motion to dismiss because a previous unappealed order that found the substitution was proper is the law of the case, (3) finding the amended complaint did not relate back to the original filing of the summons and complaint, and (4) finding service upon John Doe did not toll the statute of limitations.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the trial court erred in granting the motion to dismiss because the statute of limitations determination required findings of fact that were not evident on the face of the complaint:  *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review."); *Graves v. Horry-Georgetown Tech. Coll.*, 391 S.C. 1, 10, 704 S.E.2d 350, 355 (Ct. App. 2010) ("[A] party may not present one argument to the trial court and another on appeal.").

2.  As to whether the trial court erred in granting the motion to dismiss because a previous unappealed order that found the substitution was proper is the law of the case:  Rule 201(b), SCACR ("Only a party aggrieved by an order, judgment, sentence[,] or decision may appeal."); Rule 12(b), SCRCP (providing defenses to a cause of action shall be asserted in a responsive pleading or by motion).

3.  As to whether the trial court erred in finding the amended complaint did not relate back to the original filing of the summons and complaint:  Rule 15(c), SCRCP ("An amendment changing the party against whom a claim is asserted relates back if . . . within the period provided by law for commencing the action against him the party to be brought in by amendment . . . has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits . . . ."); *Hughes v. Water World Water Slide, Inc.*, 314 S.C. 211, 213-14, 442 S.E.2d 584, 586 (1994) (setting forth the test to determine if an amended complaint with a substituted party relates back to the date the original complaint was filed as follows:  "(1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity,

the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period" (quoting *Schiavone v. Fortune,* 477 U.S. 21, 29 (1986))).

4.  As to whether the trial court erred in finding that service upon John Doe did not toll the statute of limitations:  *Wilder Corp.*, 330 S.C. at 76, 497 S.E.2d at 733 ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review."); *S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 301, 641 S.E.2d 903, 907 (2007) ("[I]t is a litigant's duty to bring to the court's attention any perceived error, and the failure to do so amounts to a waiver of the alleged error.").

**AFFIRMED.**[1]

**SHORT and THOMAS, JJ., and CURETON, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.