## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Dottie R. Bell, Appellant,

v.

John C. Bentley, Respondent.

Appellate Case No. 2019-000624

———————

Appeal From Kershaw County
Robert E. Hood, Circuit Court Judge

———————

Opinion No. 5959
Heard March 17, 2022 – Filed January 11, 2023

———————

### REVERSED

———————

Thomas Jefferson Goodwyn, Jr., of Goodwyn Law Firm,
LLC, of Columbia, for Appellant.

Sarah Rand-McDaniel and Seth Thomas McDaniel, of
Walker Allen Grice Ammons & Foy, LLP, of Mount
Pleasant, for Respondent.

———————

**VINSON, J.:** In this personal injury action, Dottie R. Bell appeals the circuit court's order denying her motion to substitute the estate of John C. Bentley as the defendant pursuant to Rule 25(a)(1), SCRCP.[1]  Bell argues the circuit court erred in finding she failed to seek substitution within a reasonable time.  We reverse.

---

[1] This rule provides the procedure for substituting a proper party when a party dies.

## FACTS AND PROCEDURAL HISTORY

Bell and Bentley were involved in a two-car collision on February 20, 2014. Bentley was driving a vehicle owned and insured by Peter McKoy. Bell filed a summons and complaint on December 16, 2016, naming Bentley as the defendant and alleging he negligently collided with the rear end of her vehicle, injuring her. Bell was unable to locate Bentley to serve him. She thereafter filed an affidavit of publication on April 21, 2017, in which the affiant stated it published the summons in the Chronicle Independent in Kershaw County on February 3, 10, and 17, 2017. Counsel "for defendant" filed an "answer and motion to intervene" on April 18, 2017. The motion provided "Progressive Insurance Company's insured, Peter McKoy" moved to intervene. It further stated "Progressive notes Defendant Bentley [was] not in communication with Progressive" and that it had "no way to protect its financial interest" unless the motion was granted.[2] In the answer, Bentley's counsel admitted Bentley made contact with the rear of Bell's vehicle but denied the allegations of negligence and injury and asserted several defenses. The answer raised no argument regarding service of process, personal jurisdiction, or statute of limitations. On the same date, Bentley's counsel made an offer of judgment of $8,909.

Seven months later, on January 25, 2018, Bentley's counsel emailed Bell and stated she had learned from McKoy's family that Bentley passed away before Bell served him by publication, and she instructed Bell's counsel to amend the complaint to name Bentley's estate or have a personal representative appointed. In a follow-up email the next day, Bentley's counsel stated Bentley's date of death was likely July 26, 2016, and his last address was in Kershaw County. Bell emailed Kershaw County on January 29, 2018, to inquire if an estate had been opened. Kershaw County stated it had no estate for Bentley.

On January 31, 2018, Bell sent a first request to the South Carolina Department of Health and Environmental Control (DHEC), seeking a statement of death. On February 8, 2018, she sent letters of inquiry to eleven funeral homes in Camden, seeking confirmation of Bentley's death. On February 19, 2018, Bell served supplemental interrogatories and requests for production on Bentley's counsel, requesting information confirming his death. On March 7, 2018, Bell sent a Freedom of Information Act (FOIA) request to Lee County, seeking documents from the Lee County Coroner's Office to confirm Bentley's death. On April 17, 2018, Bell sent a second request for a statement of death to DHEC and a follow-up

---

[2] The record does not indicate whether this motion was heard.

FOIA request to Lee County.  On the same date, Bell's counsel received a phone call from the Lee County Coroner's Office, stating Bentley died in Kershaw County on July 27, 2016, and Kershaw County had handled all "orders and arrangements."  On May 10, 2018, Bentley's counsel responded to Bell's supplemental interrogatories and requests for production.  On May 16, 2018, Bell sent DHEC a third request for a statement of death.  On June 12, 2018, DHEC issued a statement of death that Bentley died on July 27, 2016.

Bell filed a petition for appointment of a special administrator in the Kershaw County Probate Court on July 26, 2018.  The probate court filed an order on August 14, 2018, appointing Bryan D. Caskey as the special administrator of Bentley's estate, and Bell promptly notified Caskey of the appointment.  On September 10, 2018, Bell moved to substitute Caskey as personal representative or real party in interest for Bentley.  The circuit court heard the motion on October 15, 2018.[3]  Counsel for Bentley argued Bell could not have served Bentley by publication because he died before Bell filed the summons and complaint.  Bell acknowledged she had not yet served the estate following Caskey's appointment but argued Caskey had to be substituted as a party before he could accept service for Bentley.  The circuit court stated, "I think you have to serve him first and then substitute him as a party" and issued a Form 4 order on October 16, 2018, denying Bell's motion to substitute but granting leave to serve the administrator of Bentley's estate.  Bell served Caskey with the summons and complaint on October 19, 2018.

Bell again moved to substitute Caskey as personal representative or real party in interest for Bentley on December 5, 2018.  The circuit court heard the motion on February 13, 2019.  Counsel for Bentley argued that pursuant to Rule 25(a)(1), SCRCP, Bell failed to substitute within a reasonable time of receiving notice of Bentley's death because she waited eight months before having a special administrator appointed and ten months before serving the special administrator.  Counsel for Bentley argued Rule 25, SCRCP, mirrored Rule 25 of the Federal Rules of Civil Procedure, which provided a reasonable time was ninety days.  Counsel for Bentley further asserted no South Carolina authority had determined anything exceeding 120 days to be a reasonable time.

The circuit court issued an order on February 28, 2019, denying the motion to substitute.  It concluded Bell failed to substitute the party within a reasonable time "based upon the totality of the circumstances and facts, the Rules of Civil Procedure and the case law."  The circuit court found Bell received notice of

---

[3] Circuit Court Judge DeAndrea G. Benjamin heard this motion.

Bentley's death pursuant to Rule 25(a)(1) on January 25, 2018, and that a motion for substitution must be made within a reasonable time after such knowledge of death is obtained. It concluded the footnotes in Rule 25(a)(1), SCRCP, indicate it "mirrors the Federal Rules of Civil Procedure," which provide substitution must be made within ninety days. Citing *Panhorst v. Panhorst*, 301 S.C. 100, 390 S.E.2d 376 (Ct. App. 1990), and *Pressley v. Blackwell*, Op. No. 2005-UP-306 (S.C. Ct. App. filed May 6, 2005), the circuit court held a reasonable time "pursuant to case law range[d] from [ninety]" to "no more than 120 days." Bell filed a motion to reconsider, which the circuit court denied. This appeal followed.

**ISSUE ON APPEAL**

Did the circuit court abuse its discretion in denying Bell's motion to substitute?

**LAW AND ANALYSIS**

We hold the circuit court abused its discretion in denying Bell's motion to substitute. *See Bryant v. Waste Mgmt., Inc.*, 342 S.C. 159, 165, 536 S.E.2d 380, 383 (Ct. App. 2000) ("A trial court has the sound discretion to substitute parties when some act has affected the capacity of a named party to be sued, and its decision will not be reversed on appeal absent a showing of an abuse of discretion." (footnote omitted)); *see also Fairchild v. S.C. Dep't of Transp.*, 398 S.C. 90, 108, 727 S.E.2d 407, 416 (2012) ("An abuse of discretion occurs when the trial court's order is controlled by an error of law or when there is no evidentiary support for the trial court's factual conclusions.").

First, we hold the circuit court erred in concluding a reasonable time could not exceed 120 days. Rule 25(a)(1), SCRCP, provides:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided by Rule 4 for the service of summons. *If substitution is not made within a reasonable time*, the action *may be dismissed* as to the deceased party. Counsel of record for such deceased party *shall give notice to all other parties of the death of*

> *such party as soon as practicable after obtaining such knowledge and of the name and address of the proper parties who should be substituted.*

(emphases added).

Rule 25(a) of the Federal Rules of Civil Procedure provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made *within 90 days after service of a statement noting the death*, the action by or against the decedent *must be dismissed*.
>
> . . . .
>
> . . . . A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Fed. R. Civ. P. 25(a)(1), (3) (emphases added).

In contrast to the federal rule, South Carolina's rule lacks a ninety-day time limit and instead substitutes "a reasonable time." *See* Rule 25, SCRCP; Fed. R. Civ. P. 25. Our courts have not interpreted the meaning of a "reasonable time" in the context of Rule 25, SCRCP. Further, the cases *Panhorst* and *Pressley* do not support the conclusion that a reasonable time cannot exceed 120 days. Rather, no South Carolina case law suggests a "reasonable time" cannot exceed 120 days in the context of Rule 25, SCRCP.

In *Panhorst*, the wife in a divorce action argued the family court erred in ordering her to vacate the marital residence by January 4, even though it found ninety days was a reasonable time for her to find other accommodations and ninety days from the date of the order would have been February 20. 301 S.C. at 106, 390 S.E.2d at 379-80. This court concluded the wife was not prejudiced by the family court's order because she failed to show she could not find other accommodations by

January 4 and that she had, in fact, already obtained another place to live on or before that date. *Id.* at 106, 390 S.E.2d at 380. Because she had already vacated the residence and thus received "a reasonable time, *in fact*, to leave the marital residence," this court rejected the wife's argument that the family court gave her insufficient time. *Id.* (emphasis added). This ruling does not stand for the proposition that a reasonable time was ninety days. Further, we conclude *Panhorst* is inapplicable because we find a reasonable time in the context of vacating a marital home following a divorce is not instructive in interpreting the meaning of a reasonable time under Rule 25, SCRCP.

As to the circuit court's reliance on *Pressley*, this is an unpublished decision and therefore has no precedential value. *See* Rule 268, SCACR ("Memorandum opinions and unpublished orders have no precedential value and should not be cited except in proceedings in which they are directly involved."). Regardless, the court in *Pressley* did not conclude a reasonable time could not exceed 120 days. *See Pressley*, Op. No. 2005-UP-306. In *Pressley*, this court concluded the circuit court did not abuse its discretion in ruling the plaintiff failed to accomplish service within a reasonable time "given the facts and circumstances of th[e] case, including failure to accomplish service within 120 days and dilatoriness in commencing publication." *Id.* There, the court analyzed the amendment to the tolling provision of Rule 3, SCRCP. *Id.* The court stated the amended rule provided that if a civil action is not served within the statute of limitations, service must be accomplished no later than 120 days after filing, and the rule previously required only that service be accomplished "within a reasonable time" after filing. *Id.* The court noted the language of section 15-3-20(B) of the South Carolina Code (2005) (establishing a three-year statute of limitations for civil actions), together with the amendment to Rule 3 suggested a legislative intent that "a reasonable time would ordinarily be within 120 days." *Pressley*, Op. No. 2005-UP-306. The court analyzed reasonableness in light of the totality of the circumstances but held it "need not determine whether the 120-day test or the reasonable time test" controlled because it found neither test was met. *Id.* Because *Pressley* was an unpublished decision and the rule at issue specified a time limitation, we find *Pressley* does not support a finding that a reasonable time under Rule 25 and the facts of this case was no more than 120 days.

In *Montgomery v. Mullins*, this court considered the "reasonable time" standard under pre-amendment Rule 3, SCRCP. 325 S.C. 500, 480 S.E.2d 467 (Ct. App. 1997). It affirmed the circuit court's finding that the plaintiff failed to accomplish service within a reasonable time when he filed the lawsuit on September 23, 1992, and did not complete service by publication until over a year later on December 1,

1993.  *Id.*; *cf. Ingle v. Whitlock*, 282 S.C. 391, 318 S.E.2d 367 (1984) (finding no error when the trial court allowed the plaintiff to serve the defendant by publication five months after the complaint was filed).  The court in *Montgomery* stated that what constitutes a reasonable time depends upon the circumstances of the case. 325 S.C. at 506, 480 S.E.2d at 470 ("Whether or not an action has been accomplished within a reasonable . . . time depends on the circumstances of the case.").

Although not applicable to this case, Rule 60(b), SCRCP, suggests the definition of a reasonable time under our civil rules is not limited to 120 days.  It provides a court may relieve a party from a final judgment, order, or proceeding for one of five reasons and that a motion for such relief "shall be made *within a reasonable time*, and for reasons (1), (2), and (3) *not more than one year after* the judgment, order or proceeding was entered or taken." Rule 60(b) (emphases added).  The language of this rule implies that under certain circumstances, a reasonable time can extend beyond one year.  Courts interpreting this rule have held "the 'reasonable time' limit is discretionary and should be determined under the facts and circumstance of each case."  *Se. Hous. Found. v. Smith*, 380 S.C. 621, 639, 670 S.E.2d 680, 690 (Ct. App. 2008); *Coleman v. Dunlap*, 303 S.C. 511, 513, 402 S.E.2d 181, 183 (Ct. App. 1991) (holding "the 'reasonable time' limitation is discretionary and should be determined under the facts and circumstance of each case").

We find the foregoing authorities are inconsistent with a determination that a reasonable time is limited to an inflexible range of ninety to 120 days.  Thus, we hold the circuit court erred in concluding a reasonable time under Rule 25 could not exceed 120 days.

Next, we hold the record does not support the circuit court's conclusion Bell failed to move to substitute Caskey as special administrator within a reasonable time. Rule 25 requires that "[c]ounsel of record for [the] deceased party shall give notice to all other parties of the death of such party as soon as practicable after obtaining such knowledge *and of the name and address of the proper parties who should be substituted*." Rule 25(a)(1), SCRCP (emphasis added).  The circuit court found the time began to run when Bell's counsel received an email from Bentley's counsel stating McKoy's family informed her Bentley was deceased.[4]  The emails from

---

[4] We note that under the federal rule, the ninety-day period does not begin to run until *service* of a statement noting death.  *See* Fed. R. Civ. P. 25(a)(1).  Thus, under the federal rule, more than mere "notice" of death is required to trigger running of

Bentley's counsel, however, lacked sufficient information to allow Bell to move for substitution at that time. Because no estate existed and Bentley had no next of kin, the appointment of a special administrator was a prerequisite to Bell's ability to pursue substitution. The record shows Bell diligently pursued the required evidentiary support to submit to the probate court with her request for an order appointing a special administrator from the time she learned of the death until she filed her motion to appoint a special administrator. From January 25, 2018, until June 12, 2018, when she received a formal statement of death from DHEC, Bell sent requests to DHEC, the Lee County Coroner, the Kershaw County Probate Court, and eleven funeral homes in the Camden area seeking confirmation of Bentley's death. Bell filed a petition for the appointment of a special administrator less than forty days after she received the statement of death from DHEC, and she first moved to substitute Caskey less than thirty days after he was appointed. Although Bell did not serve Caskey with the summons and complaint until October 19, 2018, Bentley never raised a statute of limitations defense and did not object when the circuit court gave Bell leave to serve the special administrator with the summons and complaint. Bell filed her motion to substitute forty-seven days after serving Caskey with the summons and complaint. Based on the foregoing, the record contains no evidence Bell's delay in moving for substitution was unreasonable given she diligently pursued the appointment and substitution of the special administrator once she had the information necessary to do so. Thus, we find the record does not support the circuit court's conclusion Bell failed to substitute within a reasonable time.

Further, the record contains no evidence indicating Bentley would be prejudiced if Bell were permitted to substitute Caskey. *See Shah v. Richland Mem'l Hosp.*, 350 S.C. 139, 147-48, 564 S.E.2d 681, 685-86 (Ct. App. 2002) (holding the trial court erred in denying the appellant's motion to amend the complaint to substitute or join an entity as a party defendant under Rule 25(c), SCRCP, and stating "[t]he test of whether an amendment should be allowed is whether the amendment will prejudice or work an injustice to the adverse party" (quoting *Forrester v. Smith & Steele Builders, Inc.*, 295 S.C. 504, 509, 369 S.E.2d 156, 159 (Ct. App. 1988))). Because Bentley's counsel participated in the litigation, including making an offer of judgment, and no estate was opened for Bentley, we find no evidence demonstrates the substitution would prejudice Bentley.

---

the ninety-day limit. Were we to apply the federal rule, we believe this limit would not have been triggered until, at the earliest, when the special administrator was appointed. This contradicts the conclusion that a reasonable time under Rule 25(a)(1), SCRCP, should be interpreted to mean ninety days.

**CONCLUSION**

For the foregoing reasons, we conclude the circuit court abused its discretion in denying Bell's motion to substitute and we reverse.

**REVERSED.**

**WILLIAMS, C.J., and KONDUROS, J., concur.**